## NEW YORK SUPERIOR COURT.

JOHN C. WALKENSHAW and another, survivors, &c., of HER-
MANN A. SCHLUCHER, on behalf of themselves and all other
creditors of the firm of "JOHN G. PERZEL," electing to
come in, &c. agt. JOHN G. PERZEL.

A *notice of motion*, served, cannot be withdrawn or countermanded, without pay-
ment of the *costs of the motion*.

But where a motion as originally-noticed was 1st. For leave to add parties defend-
ant: 2d. For an injunction and receiver : *Held*, that these motions were dis-
tinct, and that the first part of the motion might be withdrawn, leaving the
second part still pending, *without payment of the costs of the motion*.

*New parties* cannot be added to the action without *amendment of the summons ;*
and the summons cannot be amended *of course* under section 172 of the Code,
but leave of the court to amend must be obtained under section 173.

A plaintiff can obtain leave to amend the summons under the general prayer con-
tained in his notice of motion, to wit : " for such other order or relief as the court
shall see fit to grant."

When a party asks leave of the court to bring in new parties, he necessarily
includes in that request, a further request for leave to make such amendment
and take such steps, as shall be requisite to bring into court such new parties.

Provision may be made in the *order* allowing new parties to be brought in, for
the amendment of the summons and complaint, and the service of the sum-
mons upon the new parties, and the service of the amended complaint upon the
parties already in, specifying in detail the proper proceedings to pursue, or it
may simply allow them to be brought in, and the necessary amendments to be
made to the summons and complaint, leaving the plaintiff to thereafter conduct
dis proceedings regularly, at his own peril.

*At Chambers, December,* 1866.

*Decided December* 12, 1866.

MOTION to amend, &c.

The plaintiffs in this case made a motion, 1st. Asking to
bring in the executors of H. A. Schlucher, deceased, as par-
ties defendant, and the general guardian of his infant chil-
dren. 2d. Asking for the appointment of a receiver of the
effects of the defendant.

This motion was adjourned by the court for one week.
The plaintiffs thereupon, on the same day that the first
motion was adjourned, procured another order to show cause
why the executors of H. A. Schlucher, and the general guar-
dian of the infant children, should not be made parties

defendant, and served a notice on the defendant's attorneys that so much of the first motion as sought to make the executors and guardian parties, was thereby withdrawn.

IRA D. WARREN, *for motion.*
J. L. JERNEGAN, *opposed.*

JONES, J.   It is settled in this court that a notice of motion cannot be withdrawn or countermanded, without payment of the costs of the motion.   I see no reason for departing from this practice.   The case, however, does not fall within such principle.

The motion as originally noticed, was 1st. For leave to add parties defendant.   2d. For an injunction and receiver. These two motions are distinct.   The first part of the original motion has been withdrawn, leaving the matter as to the second part still pending.   This can be done without payment of costs of motion.

It is undoubtedly true, that new parties cannot be added to the action without amending the summons, and equally true that the summons cannot be amended of course, under section 172 ; but leave of the court to amend it must be obtained under section 173.

The defendant in opposing this motion, calls to his aid the above principles, and insists that leave to amend the summons cannot be given on this motion, because that relief is not specifically asked for by the notice.   I think he is mistaken.   The plaintiff can obtain leave to amend the summons under the general prayer " for such other order or relief as the court shall see fit to grant." (*Martin* agt. *Kanouse,* 2 *Abb. P. R.* 390 ; *Hecker* agt. *Mitchell,* 5 *Id.* 453.)

But further, plaintiffs' order to show cause is "why the executors of Hermann A. Schlucher and the guardian of his infant children, should not be made parties to this action?" This is the principal relief asked for ; the amendment of the summons and complaint is but the mere incident to the relief asked for.   Such amendment is but the formal way of bringing the new parties, after leave to bring them in is granted.

When a party asks leave of the court to bring in new parties, he necessarily includes in that request a further request for leave to make such amendment, and take such steps as shall be requisite to bring into court such new parties.

It is urged that when new parties are added, the complaint, if its allegations do not already show a cause of action against them, must be amended so as to show such cause of action; and if amended, then the amended complaint must be served upon parties already in, and such parties must have the usual time to answer.

It is also urged that the new parties must be brought in either by service of the amended summons or voluntary appearance; and that, therefore, either issue must be joined as to such new parties or their default taken, before the case is in a position to be brought to trial as to the parties already in.

All this is very true. Provision may be made in the order allowing new parties to be brought in to meet the various matters, or the order may simply allow them to be brought in, and the necessary amendments to be made to the summons and complaint, leaving the plaintiff to thereafter conduct his proceedings regularly at his own peril.

I am unable to perceive how, in any aspect of the case, the guardian of the infants is either a necessary or proper party. I therefore cannot grant leave to add him as a party.

Motion granted, so far as to give plaintiff leave to add parties defendant the executors of A. Shclucher, and to make the necessary amendments to the summons and complaint for that purpose.

No costs of motion. The order to be settled on one day's notice.