### VANDERVEER v. COHEN.

. (Supreme Court, Appellate Division, Second Department.  June 29, 1910.)

PROCESS (§ 6*)—SUBSTITUTION OF NEW PLAINTIFF—SUMMONS—AMENDMENT.
    Where an action was brought by one as agent of a foreign corporation and a demurrer was sustained on the ground that plaintiff had no legal capacity to sue, and the complaint was amended by striking out the name of the agent and making the corporation the plaintiff, a new summons must be served; this being substantially a new action.
    [Ed. Note.—For other cases, see Process, Cent. Dig. § 5; Dec. Dig. § 6.*]

Appeal from Municipal Court, Borough of Brooklyn, Third District

Action by Edward B. Vanderveer, as agent of the Royal Exchange Assurance Company of London, against Philip Cohen. From a judgment in favor of plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before WOODWARD, JENKS, BURR, THOMAS, and RICH, JJ.

Henry D. Levy, for appellant.

JENKS, J. The appeal is from a judgment of the Municipal Court. Action upon the claim was brought originally by Vanderveer, as agent of the Royal Exchange Assurance Company of London, against this defendant, who demurred that the plaintiff had not legal capacity to sue. The demurrer was sustained, and the plaintiff was permitted to amend his complaint upon payment of costs. The amendment made was to strike out the name of Vanderveer as agent of this plaintiff, so that the company itself appeared as plaintiff. And a complaint changed mutatis mutandis was served. A motion was thereupon made to dismiss the complaint because no summons was served with it, as this was substantially a new action. We think that the defendant's contention is sound.

We are inclined to the view that a summons in the Municipal Court may be amended. Section 20, Municipal Court Act (Laws 1902, c. 580), and section 723, Code Civ. Proc. But the situation is that there is but a summons entitled in one action and a complaint without a summons in another action, which has gone to the judgment under review. The law in this case is that the Royal Exchange Assurance Company, the present plaintiff, is not the same person as Edward B. Vanderveer as agent of the Royal Exchange Assurance Company of London, for the demurrer that Vanderveer had not legal capacity to

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

sue was sustained. A new party can be added only by amendment of the summons. Walkenshaw v. Perzel, 32 How. Prac. 310; Follower v. Laughlin, 12 Abb. Prac. 105; Baylies on Code Pleading and Practice, 486. While it is true that a mistake in suing a defendant in a representative capacity may be corrected by omitting the words descriptive thereof (Boyd v. U. S. Mortgage & Trust Co., 187 N. Y. 262, 79 N. E. 999, 9 L. R. A. [N. S.] 399, 116 Am. St. Rep. 599), the rule seems different in the case of a plaintiff who when he "brings an action has the knowledge in himself as to the capacity in which he should sue." Bowen v. Phœnix Bridge Co., 134 App. Div. 22, 118 N. Y. Supp. 93.

Judgment of the Municipal Court reversed and new trial ordered, with costs to the appellant. All concur.