## PARMELEE vs. EGAN and others.

Where M. & A. made a fraudulent sale of their goods to E. for the purpose of defrauding their creditors, and E. gave them a judgment for the purchase money, upon which judgment an execution was taken out and levied upon the goods, and the judgment was afterwards assigned to a trustee, in trust to pay certain preferred creditors of M. & A.; and P., who had recovered a judgment against them, and the levy of whose execution upon the goods had been prevented by the fraudulent sale to E., afterwards filed a bill against the parties to the fraud to set aside such sale and to have his execution satisfied out of the property thus sold; which bill purported to be filed in behalf of himself and all the other creditors of M. &. A., and upon which bill the sale to E. was set aside as fraudulent and void; *Held*, that none of the creditors of M. & A., except those who stood in the same situation as P., by having recovered judgments and issued executions which became liens upon the property, had a right to come in under the decree, or to participate equally with P. in obtaining satisfaction of their debts out of the funds arising from the sale of such goods.

To entitle creditors to come in under a decree, where the bill was filed by a complainant in behalf of himself and all others, standing in the same situation in reference to the fund to be reached by the decree, such creditors must be so circumstanced that they could themselves have filed a similar bill.

July 16. THIS cause came before the court upon the master's report and upon the equity reserved in a former decree. The complainant Parmelee, who sued in behalf of himself and other creditors of the defendants M. & A. Egan, was the assignee of a judgment against them, and had issued an execution thereon to the sheriff of New-York; the collection of which execution was defeated by a fraudulent sale of their goods to the defendant K. Egan. The latter gave them a judgment for the purchase money, which judgment they assigned to the defendant Purcell, in trust, to pay certain preferred creditors, and to distribute the residue rateably among other

creditors. The vice chancellor declared and decreed the sale of the goods to K. Egan fraudulent, as against the creditors of M. & A. Egan; and that the complainant was entitled to be paid his judgment out of the proceeds of the sale of the goods, upon the execution which had been issued on the judgment against K. Egan. He also directed a reference to ascertain the amount due the complainant on his judgment, and the amount due to other judgment creditors who had agreed to come in under the decree and contribute to the expenses of the suit, and also the amount of the fund arising from the sale of the goods on the execution against K. Egan. From this decree the defendants appealed to the chancellor, who affirmed the decree; but without expressing any opinion as to the rights of other judgment creditors of M; & A. Egan, who had not placed themselves in the same situation as the complainant by issuing an execution which would have reached the goods had it not been for the fraudulent transfer. The master reported the fund in the hands of the sheriff to be $1068,54; and that there was due on the complainant's judgment the 11th of April, 1836, the date of the report, $376,87. He also reported that there was due to H. H. Leeds $1357,24, and to Wells & Nichols $1122,98, on judgments against M. & A. Egan; and that those judgment creditors, by a stipulation with the complainant shortly after the filing of his bill agreed to come in and contribute to the expenses of this suit. It did not, however, appear from the report that either of the creditors, who thus claimed to come in under the decree, had issued executions on their judgments, so as to place them in a situation to claim a lien upon the goods fraudulently sold to K. Egan.

*N. B. Blunt,* for the complainant. The complainant Parmelee is entitled to his costs from the fund. It is a well established rule of this court, that where a creditor recovers a debt here he recovers costs also; unless special and strong reasons to the contrary intervene. (1 *Hopk.* 344.) The other judgment creditors are entitled to the surplus of the fund after the payment of complainants' debt and costs.

1839.

Parmelee
v.
Egan.

It is well settled, that a judgment creditor may file a bill in behalf of himself and other creditors. (2 *John. Ch. R.* 283.) And though by his superior legal diligence, a judicial preference has been established in behalf of this complainant, which preference will be preserved in the distribution of the assets; yet as to the surplus, if there should be any, the other creditors are entitled to be paid out of it, *pari passu.* (4 *John. Ch. R.* 687. 10 *John. R.* 507. 2 *Paige's Rep.* 567.)

*C. O'Conner,* for the defendant Purcell. According to the decision of the court for the correction of errors in *Grover* v. *Wakeman,* Purcell is entitled to his costs out of this fund. The several decisions made in this cause, and the principles of law and equity which have been applied to it, place Parmelee and the other creditors on entirely different footings. Purcell is a bona fide possessor of the fund for honest purposes. Parmelee has prevailed, upon the principle that a party whose execution at law is defeated, by fraud, as to goods which were bound by his execution, has a lien, in equity, upon the proceeds of such goods; which principle does not apply to a creditor who did not obtain a judgment until after a bona fide and unimpeachable disposition had been made of the property. The other creditors in this case being mere creditors at large, without judgments, could not themselves have filed a bill in this court to reach the assets of their debtor; nor can they attach themselves in this way to the bill of another creditor. A creditor at large, who finds that his debtor has fraudulently made away with his property and taken a judgment from the fraudulent vendee, may legally obtain the control of that judgment and use it to extort payment of his demand from such vendee. And a creditor who subsequently obtains a judgment, and files a bill in equity cannot obtain a preference over him. Before the creditors now claiming had obtained any judgment or execution, the property had been sold under the execution against K. Egan. The title of the purchasers could not therefore be impeached, nor could the goods be pursued into their hands. (*Simms* v.

*Slocum*, 3 *Cranch*, 307.) The proceeds of that sale are now in the hands of Purcell, or his agent the sheriff. The statute of frauds is not construed, as between creditors contending for a preference, in the same manner as between creditors and the fraudulent assignee. (*Sands* v. *Codwise*, 4 *John. R.* 559.) No matter how many fraudulent transfers a debtor may have made, if the last transfer carries the property into the hands of a bona fide creditor, in payment of an honest debt, neither the statute of frauds nor any principle of equity can divest the title of such creditor ; unless a prior lien had been acquired. The case of *Codwise* v. *Sands*, before referred to, is a direct authority for this proposition.

THE CHANCELLOR. The former decree in this cause settled the rights of the complainant to the payment of his debt out of the fund in the hands of the sheriff. The only question therefore in which he is interested, is the question of costs. As the three Egans were all concerned in the fraudulent transfer of the property, for the purpose of delaying and hindering the complainant in the payment of his debt, it follows of course that he is entitled to costs against them ; and if those costs cannot be collected of them, he is entitled to the amount thereof to be paid out of the fund in the hands of the sheriff.

The other questions in the cause, and which were reserved in the decree of the vice chancellor, relate to the residue of the fund after paying the complainant's debt and costs. These are questions between Purcell, the assignee of the judgment against K. Egan, and the two creditors who came in before the master, to prove their claims against M. & A. Egan, under the decree. And if those creditors stand in the same situation, in regard to this fund, as the complainant does, they are unquestionably entitled to be paid out of the same rateably with him ; or rather to be paid, out of the fund, according to the priorities of their respective executions, as a lien upon the property, of the debtors, which was sold for the purpose of defrauding them. But to entitle creditors to come in under a decree, upon a bill filed by a complainant in behalf of himself and other creditors, stand-

ing in the same situation in reference to the fund to be created by the decree, they must be so circumstanced that they could have filed a similar bill themselves. Thus if the complainant's right to set aside a sale, of personal estate, as fraudulent against him, as a creditor, depends upon the fact that he has issued an execution which could not be levied in consequence of the pretended sale, another creditor, who claims to come in under the decree, must show that he also has taken out an execution, which could not be levied upon the property for a similar reason. Here Leeds, and Wells & Nichols, who have come in to prove their debts under this decree, although they have recovered judgments against the defendants M. & A. Egan, do not show that they had taken out executions on those judgments, previous to the assignment of the judgment against K. Egan to Purcell, to pay other creditors who had equal equity with themselves to be paid out of the proceeds of the property. Whether any execution was ever issued upon either of those judgments is very doubtful; but it is certain none was issued previous to the assignment to Purcell, for the benefit of the creditors of M. & A. Egan, as neither of the judgments had been obtained at that time. The holders of those judgments are not therefore authorized to come in under the decree in this suit to claim the fund to the exclusion of other creditors.

The injunction must be dissolved so far as to permit the sheriff to pay over the surplus in his hands to the assignee, after satisfying the complainant's debt and costs, for the benefit of whoever may be entitled to the same; but without prejudice to the rights of those who have sought to come in under the decree, or the rights of any other creditors of M. & A. Egan in any future litigation respecting such surplus.

Decree accordingly.