## PORTER *a.* LENT.

*New York Superior Court; In Chambers, August,* 1855.

### APPLICATION FOR JUDGMENT.—REFERENCE.

Where the complaint prays for an accounting, and judgment for the balance ascertained to be due, instead for a specific sum, it is necessary, in case of failure to answer, that an account should be taken by a referee.

Application to the court for judgment upon failure to answer, may be made at Chambers.

Application for judgment upon failure to answer.

HOFFMAN, J.—The summons is for the relief demanded in the complaint, in case of a neglect of the defendant to answer. The case made by the complaint is, that the defendant was an agent for the collection of rents belonging to the plaintiff;—payments on account are stated, and a request that the defendant would furnish a full account of his dealings;—his refusal;—the inability of the plaintiff to state the precise sum due, but his belief that such balance is at least $550. The demand is for a discovery and account, and for judgment for such sum as shall be found due upon the said accounting, with interest, and costs of the action. The defendant has not appeared, and application is made for judgment under section 246 of the Code. The plaintiff proposes to take judgment for the sum of $550. The complaint is verified.

I do not think such a judgment is warranted by the Code. The first sub-division of section 246, clearly does not apply. Under that, the summons must contain the amount of the money demanded—certainly under the first clause; probably in all the cases within that section. And again, the case is not within the second clause of such first section, because the complaint is sworn to. Under the second sub-division the court is to be applied to for the relief demanded in the complaint; and here the 275th section is of importance. The

relief to be granted, if there is no answer, cannot exceed that which is demanded in the complaint. In other cases any relief may be granted which is consistent with the case made. The second sub-division provides that in other actions the plaintiff may apply to the court for the relief demanded in the complaint. If the taking of an account or the proof of any fact be necessary to enable the court to give judgment, or to carry the judgment into effect, the court may take the account, or hear the proof, or may, in its discretion, order a reference for that purpose. The relief, then, demanded in the complaint, defines and limits the power of the court as to the judgment to be given. It is not the case made, but the judgment asked for, which controls. In the present instance this is for an account and payment of the balance, to be ascertained upon it. I think there must be a reference to take the account as sought.

Attention has been called to the 86th rule of the Supreme Court, as implying that applications of this nature must be made at special term. In the case, also, of Ryan *v.* Melansvell, (1 *Sandford, S. C. Rep.,* 709), a similar view was taken; and the 47th (present 37th) section of the Code was referred to, which directs that judgments upon appeals shall be given at the general term, and all others at the special term. The case in 1st Sandford was decided in 1848. In 1850 this court adopted, among others, the fifth rule, providing that non-enumerated motions will be heard by one of the justices at the special term room and the chambers daily, with certain exceptions. For such motions, and for the purpose of making all necessary orders and giving judgments in causes under chapter first of title eight of the second part of the Code, a special term will be held every day during the vacation, at 10 o'clock A.M. This chapter comprises the 245th, 246th, and 247th sections of the Code, and judgments of this nature to be directed at chambers as at special term, are now warranted.