# SUPREME COURT.

JOHN WARWICK, Appellant agt. THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW-YORK, and others, Respondents.

Where the plaintiff in his complaint claimed that as the *proprietor* in 1837, of a certain lot of land bounded on West street in the city of New-York, he was entitled to a grant in fee from the corporation of the city of New-York, of certain lands under water, adjoining such lot; and prayed that such a grant to him individually be directed to be made; but if he was not entitled to such grant, he then asked as a *tax payer* for himself, and all other *tax payers of the city*, that a grant of said land under water, which had been made by the corporation to one Robert A. Durfee, in 1852, and all subsequent grants under the

same, be declared void, making the present claimants and parties in interest under the grant to Durfee, parties defendants.

*Held* on demurrer, that as an original question of pleading independent of the Code, the wrongs complained of, would have been considered as constituting two distinct causes of action, calling for different remedies; but under the Code, as the relief asked for the tax payers and the relief asked for the plaintiff individually, related to the *same subject matter*, only one was required, and only one could be granted; which, was the question for the court.

*Held*, that the plaintiff could not in the same complaint, first present his own individual wrongs for judicial relief, and then the wrongs of the public, although relating to the same subject matter. The Code does not authorize this kaleidoscope sort of pleading, alternating for the judgment of the court.

A *tax payer* as such merely. has not such an interest as enables him to maintain an action in behalf of himself and all other tax payers of the city, to avoid a deed or grant which has been actually executed by the corporation, upon the ground of fraud, want of authority, or irregularity. (*This follows the decision of Roosevelt* agt. *Draper, ante, page* 137.)

Also *held*, that the plaintiff's individual pre-emptive right as proprietor to the premises, was not under the act of 1837, (§ 4,) a right or interest in land, but a right to the grant of a right or interest in land. That act did not give the title of the people to the proprietors, but to the mayor, &c. It secured to the proprietor the first offer of a sale of a right or interest, the right to purchase a right and interest in the land under water first. And the plaintiff's estate and interest in the premises having passed from him prior to the act of 1837, by the foreclosure and sale of a mortgage thereon, he has not been since, and is not now entitled to the grant which he claimed under the act of 1837.

*New - York General Term, October,* 1858.

THE facts in this case are fully stated in the opinion of the court.

SAMUEL A. FOOT, *for appellant.*

A. R. LAWRENCE, JR., *for respondents.*

By the court—SUTHERLAND, Justice. The complaint in this action appears to be a sort of fishing complaint. The plaintiff spreads a broad net. If he can't get anything for his own individual benefit, he then goes for the benefit of all the tax payers of the city of New-York.

He claims that as the proprietor in 1837, of a certain lot of land bounded on West street, in the city of New-York, he is entitled to a grant in fee from the corporation of the city of

New-York of certain lands under water, adjoining said lot; and prays that such a grant to him individually be directed to be made; but if he is not entitled to such grant, he then asks as a tax payer for himself and all other tax payers of the city, that a grant of said land under water, which had been made by the corporation to one Robert A. Durfee, in 1852, and all subsequent grants under the same be declared void, making James S. Thayer and Miner C. Story, the present claimants, and parties in interest under the grant to Durfee, parties defendants.

Now the defendants demur to this see-saw, swinging complaint, which leaves the end finally to settle uppermost, to depend upon the end the judicial foot is put upon, on the ground (among others) that it contains two causes of action which are improperly united.

Whether according to a critical analysis of Code definitions there are two distinct causes of action or not, I should have held as an original question, that the wrongs complained of were different, and the remedies asked for different, and inconsistent to be complained of, and to be asked for in the same action; for the plaintiff's individual rights as a proprietor stated in his complaint are inconsistent with the rights of the tax payers as therein stated; and if the plaintiff is entitled to the grant from the corporation, then there is no need of declaring the grant to Durfee void, and the tax payers have not been injured or defrauded by that grant.

The plaintiff does not pretend in his complaint that there is more than one cause of action; he does not pretend that there has been more than one wrong, or that there is more than one remedy needed; but he is in doubt whether he alone has been wronged, or all the tax payers of New-York; he goes in for himself individually first, and if he should fail, then in a spirit of enlarged benevolence for the tax payers generally.

The relief asked for the tax payers, and the relief asked for himself, relate to the *same subject matter ;* only one is required and only one can be granted; which, is the question for the

court. The theory of the complaint is not, therefore, that there are two causes of action.

But can the plaintiff, in the same complaint, thus first present his own individual wrongs for judicial relief, and then the wrongs of the public, although relating to the same subject matter; especially when, if the plaintiff is right in his view of his own rights and wrongs, the public have no rights, and have suffered no wrongs whatever?

I think not. I think the Code does not authorize this kaleidoscope sort of pleading, alternating for the judgment of the court; presenting different phases of the same act or acts, or of different acts relating to the same subject matter, and presenting different wrongs as these acts affect different parties in the same complaint for judicial redress. By the Code the plaintiff must state the facts which constitute his cause or causes, (if he has more than one which may be united, and he chooses to unite them,) of action; but the Code does not authorize this omnibus sort of complaint, stopping as it goes along to take in other parties.

By the Code, the plaintiff may in his complaint present the facts which constitute *his* case or cases, if *he* has more than one which may be united; but he cannot experiment with the court by trying first his own case, and then that of himself and others. The Code may cover a multitude of sins, but it is not so charitable as to permit the plaintiff to drop his own case and take up that of himself and neighbors in the same action. These would have been my views upon the question of pleading, raised by this ground of the demurrer in this case.

I have not looked into the decisions upon this or analogous questions in the books; for this point raised by the demurrer has been rendered quite unimportant in this case, by the decision in the case of *C. V. S. Roosevelt* agt. *Draper and others,* at the last May general term in the first judicial district. In that case it was held, that a tax payer as such merely, has not such an interest as enables him to maintain an action in behalf of himself and all other tax payers of the city *to avoid a deed,*

*or grant which has been actually executed by the corporation*, upon the ground of fraud, want of authority or irregularity.

With that decision falls all that part of the plaintiff's complaint as a tax payer, merely setting forth the rights and wrongs of the tax payers at large of the city of New-York, and claiming that the grant to Durfee, &c., should be declared void. According to this decision, the plaintiff's complaint does not show that he has any cause of action, unless as proprietor of the lot on West street, described in the complaint, he is entitled to a grant of the land under water adjoining, from the corporation of the city; and one of the grounds of demurrer being, that the complaint does not state facts sufficient to constitute a cause of action, the only remaining question raised by the demurrer is, whether on the facts stated, the plaintiff is entitled to a judgment that the corporation execute such grant to him.

This is the important question in this case; and although it appeared at first a question of some difficulty, and much learning and logic were exhausted on the argument of it, yet it turns out upon examination, I think, to be exceedingly simple, requiring only a careful attention to the facts and a close scrutiny of the nature or character of the pre-emptive right claimed by the plaintiff to the land under water, under the act of 1837, for its solution. Now, what are the facts stated in the complaint bearing on this question, whether the plaintiff himself has a right to a grant from the corporation for the lot of land under water, in question. In 1827, the mayor, &c., of the city of New-York, being the owners in fee of a certain lot of land under water, upon the easterly shore of Hudson river, adjoining West street, granted the same in fee to one James Patten. In 1832, Patten conveyed a part of the same in fee to one Mercein. Patten and Mercein, subsequently filled in the same, and streets and wharves were laid out and constructed thereon. Afterward, in 1833, Mercein by his two several conveyances, conveyed several parts or portions of the same to the plaintiff in fee, and at the same time the plaintiff executed a mortgage of one part to Mercein for eight thousand dollars, and of the other

part to the New-York Equitable Insurance Company for one thousand dollars. Afterwards, in June, 1833, Mercein assigned his mortgage to the insurance company : and in 1835, the plaintiff executed another mortgage of one of the parcels, so conveyed to him, to the same insurance company for three thousand dollars. In 1836, these mortgages were all assigned to the mayor, &c., of the city of New-York. In 1840 and 1842, the mayor, &c., foreclosed these mortgages ; purchased the mortgaged premises for ten thousand dollars, and obtained a master's deed therefor.

By section 3 of the act of April 12th, 1837, establishing the Thirteenth Avenue in the city of New-York, and extending the exterior limit of the city along the eastern shore of Hudson river, between Hammond and 135th streets, the mayor, &c., were vested with all the right and title of the people of the state to the lands covered by water between Hammond and 135th streets, and extending westerly from the westerly side of lands under water granted to the mayor, &c., under the act entitled "An act relative to improvements in the city of New-York," passed February 25th, 1826, to the westerly side of Thirteenth Avenue, as established by the act of 1837.

The premises so granted to Patten by the mayor, &c., in 1827, and parcels of which were so afterwards conveyed by his grantee to the plaintiff, and mortgaged by the plaintiff, was a portion of the land under water, the title to which was vested in the mayor, &c., by or under the act of 1826.

By section 4 of the act of 1837, " the proprietors of all grants of lands under water, or of water lots, heretofore made by the said mayor, &c., shall have the pre-emptive right in all grants to be made by the said mayor, &c., of any lands under water granted to them by this act, adjacent to, and in front of the lands so heretofore granted, &c."

The plaintiff claims, that notwithstanding his mortgages, he was when the act of 1837 was passed, proprietor of the mortgaged premises, within the meaning of section 4 ; and being such proprietor then, *has now* notwithstanding the foreclosure

and sale under the mortgages, this pre-emptive right, and is now entitled to a grant from the corporation.

If this mere statement of the plaintiff's facts and claims, is not sufficient to show that he has no claim to this pre-emptive right or grant now, a very slight examination of the nature or character of this pre-emptive right will make it perfectly clear, that if the plaintiff as proprietor of the mortgaged premises, when the act of 1837 was passed, took or had this pre-emptive right under the act, it passed from him by the foreclosure and sale with his proprietorship and title in the mortgage; *not as a vested right or interest in or to a specific, separate, independent piece or lot of land; or even as an appurtenance to or of the mortgaged premises;* not as a *right* or *interest* or *estate in any lot or land;* but *as a right to an interest or title,* or to *the grant of an interest or title* in and to a certain specific lot of land, given to the proprietor of a certain other adjoining lot of land incident to and inseparably connected with the proprietorship of such other adjoining lot.

This pre-emptive right, which it may be conceded the plaintiff had and took as proprietor of the mortgaged premises under the act of 1837, was not a personal independent right of the plaintiff capable of separate, independent conveyance or disposition; nor was it strictly an incident or appurtenant of the mortgaged premises, but of the plaintiff's estate and proprietorship in the mortgaged premises, and passed with such estate and proprietorship under the foreclosure and sale. The whole argument of the counsel for the plaintiff is founded on his starting error, that this pre-emptive right was or is a *right* or *interest in land.* It was and is a right to the grant of a right or interest in land. The act does not give the title of the people to the proprietors, but to the mayor, &c. The third section vests the title in the mayor, &c., and the fourth section secures to the proprietor *the first offer of a sale of a right and interest;* the right to purchase a *right and interest in the land under water first.* When a grant from the mayor, &c., under the act is called for, the question is, who is the proprietor, and who has been or was when the act was passed? All the

plaintiff's estate and interest in the mortgaged premises having passed from him by the foreclosure and sale, nothing can be clearer than that he has not been since, and is not now entitled, to the grant which he claims under the act of 1837.

The defendants must, therefore, on the whole case have judgment on the demurrer, with costs.