## FOLLOWER *a.* LAUGHLIN.

*Supreme Court, Second District; General Term, Feb.,* 1861.

### SUMMONS.—AMENDMENT.

Where new parties are brought in by amendment of the complaint, the summons must be amended accordingly.

If, after a demurrer for defect of parties, the plaintiff amends his complaint by adding the necessary parties, but does not amend the summons, the amended complaint may be struck out on motion.

Such motion may be made by the original defendants.

Appeal from an order striking out an amended complaint.

The facts appear in the opinion.

BY THE COURT.*—EMOTT, J.—This is an action to redeem a mortgage. Certain of the defendants demurred for the want of the necessary parties, whereupon the plaintiff's attorney amended his complaint by inserting the names of the parties required, and the proper allegations in respect to them, and served a copy on the defendants' attorneys, but without amending the summons. That is the legal result of the proceeding, for although it does not appear whether an amended summons was made out or served, it is affirmatively shown that no order was ever obtained for such an amendment. A summons is process,

---

* Present, LOTT, EMOTT, and BROWN, JJ.

and not amendable of course as a pleading is, but only by the order of the court. The complaint thus amended was struck out upon the application of the defendants who had appeared, and from that order the plaintiff has appealed.

It is insisted that the defendants who are regularly made parties cannot make such an objection, and that it can only come from the parties who are to be brought in. The answer is, that the defendants who demurred for a defect of parties are not only concerned that the additional parties required should be brought in, but that they should be brought in regularly. *Non constat* that they will appear and answer, or take any notice of the suit; and then the whole frame of the suit might be as defective as before. If these defendants had appeared voluntarily after the amendment, that would present a different question.

The summons in this case not having been amended, the complaint does not conform to it. A motion to strike out the complaint for that reason, if made in season, will be entertained. This has been held where the notice as to relief in the summons indicated one of the classes of actions named in section 129, and the complaint was framed under the other. No doubt, upon the demurrer being served, the plaintiffs were right in seeking to remedy the effect indicated. But they could not do this by serving a new complaint which did not conform to their summons, and they could not amend the summons without an order. What may have been the design or the construction of the codifiers is more a matter of curious speculation than of legal authority. It is probably as well settled as any thing can be in the present practice, that there can be but one summons in the action, and that this must contain the names of all the parties. This would seem to follow from the fact that the summons is the commencement of the action. It is not a notice that an action has been commenced, but it is, if not process, at any rate, in the nature of process, and is the only method of instituting any suit. If a plaintiff can issue twenty summonses, one after the other, each addressed to a single defendant, and naming no other, it would be hard to say whether he had commenced one action or twenty, or any intermediate number, and he could not be compelled to disclose his design until his complaint was required.

The cases which hold that when a suit is commenced by summons against several parties severally liable, it may be prosecuted against a part or one of them, do not help the plaintiffs here. That proposition is the consequence of other prin·ciples, and one does not involve the other.

The plaintiffs should have applied to amend their summons before serving an amended complaint, bringing in new parties, and the paper which they served was irregular, and was rightly stricken out. The order appealed from must be affirmed, with costs, but with leave to apply at special term for the necessary amendments.