## SUPREME COURT.

WARREN A. HALL, appellant agt. HARVEY M. HALL, respondent.

The court cannot require a plaintiff to give a *name* to the action. If he states facts in his complaint, which would be proper in an action for a *specific performance*, and a portion of those facts would be proper in an action for *partition*, the court cannot require him to *elect* which action he will prosecute.

The plaintiff may *demand any kind of relief*, to which he supposes himself entitled; and he is not confined to one kind of relief. The defendant has nothing to do with the *form* of the relief demanded.

Where the facts stated may constitute one of two actions, which of the two is the proper one, is to be determined on the trial.

*Erie General Term, May,* 1869.

MARVIN, P. J., LAMONT *and* BARKER, J. J.

APPEAL from order of special term, granting the motion of the defendant, that plaintiff elect the action to be prosecuted. It appears from the complaint, that the plaintiff is seized in fee of two tenths of certain parcels of land described in the complaint, and that the defendant is so seized of eight tenths. It is alleged in the complaint, that the plaintiff made a verbal contract with the defendant, to purchase his eight tenths of the premises, and that the defendant agreed to sell to the plaintiff, that the plaintiff entered into possession of the premises and is still in possession, that he has had a part of the consideration and is ready and willing to pay the rest as agreed. That he has made some improvements, &c., &c. In short, the complaint is voluminous, stating many facts and circumstances intended to make a case entitling the plaintiff to a judgment for the specific performance of the parol agreement. The plaintiff prays judgment for a specific performance of the contract, or that the premises be divided between the parties in the propor-

tion of their respective interest therein.   An injunction is prayed for.

WILLIAM C. JOHNSON, *for plaintiff.*
S. S. ROGERS, *for defendant.*

*By the Court.*—MARVIN J.   The counsel for the defend ant supposes that two inconsistent causes of action are blended in one count in the complaint.

The counsel for the plaintiff insists that the action is for specific performance of the parol contract.   The intention as shown by the complaint, is undoubtedly to litigate the question of the right of the plaintiff, to a judgment for a specifie performance of the parol contract set forth in the complaint.

The facts neccessary to show a right for partition, (viz. that the plaintiff and defendant, are seized in fee of the premises in the proportions of two and eight,) are stated and many facts not neccesary in an action for partition.

Now I do not understand that the court can require the the plaintiff to give a name to the action.   He states facts proper in an action for a specifIc performance, and a portion of those facts would be proper in an action for partition.   A trial is the judicial examination of the issues between the parties whether of law or fact, (Code § 252.)   These issues are made by the pleadings, allegations of facts, and denials or admission of the facts by a demurrer.

The plaintiff in his complaint is to demand the relief to which he supposes he is entitled, but this demand consti-tutes no part of the issues to be tried.   If there is no answer to the complaint, the relief granted cannot exceed the demand, but in other cases the court may grant the plaintiff any relief consistent with the case made by the complaint and embraced within the issue, ( Code § 276.)   In my opinion the motion in this case should not have been granted at the special term.   I see no objection to the plaintiff's de-

Hall agt. Hall.

manding any kind of relief to which he supposed himself entitled, and he is not confined to one kind of relief. I do not see that the defendant has anything to do with the form of the relief demanded. He cannot demur to the relief. If he fails to answer, his rights are protected by the provision that the relief granted is not to exceed the demand in the complaint; if the defendant answers, then the form of the demand is quite unimportant, as the court may then grant any relief consistent with the case made by the complaint, and embraced within the issue.

This is not the case of two actions improperly joined in the complaint, but a case where the facts stated may constitute one of two actions, and which of the two is to be determined upon the trial. Regarding the action as for a partition, then there is much surplusage and immaterial matter in the complaint, and the remedy for this, would be a motion to strike out under the 160th section of the Code.

Regarding the action as for the specific performance then there is perhaps little or no immaterial matter in the complaint.

The order appealed from should be reversed with $10 costs.