## PIERSON v. MORGAN.

*N. Y. Supreme Court, Special Term ; December,* 1887.

*Action to charge trustees, equity cause.*] An action by the receiver of ·
an insolvent corporation, against those who were its trustees or
directors *de facto,* to compel them to account for alleged fraudulent
mismanagement and diversion of funds, and make good the damage
occasioned thereby,—is an equitable action, and not an action of a
legal nature.

*The same; statute of limitations.*] Hence the ten years' limitation
(*Code Civ. Pro.* § 388), and not the six years' limitation (*Code
Civ. Pro.* § 382), applies.

Trial by the court.

Henry R. Pierson, as receiver of the Widows' and
Orphans' Benefit Life Insurance Association, brought this
action against A. W. Morgan and fourteen others.

The complaint alleged plaintiff's receivership ; the in-
corporation of the company of which he was receiver,
and of another company designated " The Mutual Protection
Life Assurance Society "; it set forth the charter and by-
laws of the first named company, and a list of the directors
and officers of each ; alleged that the company of which
plaintiff was receiver had been prosperous and successful,
but a majority of its trustees were officers, members or trus-
tees of the Mutual Life Insurance Company under the
auspices of which it had been organized ; it stated the finan-
cial condition of both the first named companies in Oct. 1871,
and the duties of the trustees of the " Widows and Orphans ";
that in Oct. 1871, officers of the " Mutual Protection " confi-
dentially offered to the board of the " Widows and Orphans "
to purchase a majority of its stock, if by resignations, and
election of some new directors, they could have a majority
in its board,—the purpose being to consolidate the two
companies ; that the defendants, in pursuance of this plan,

were illegally elected and became *de facto* trustees of the "Widows and Orphans," securing control and acting as such; and so managed its affairs as to divert its assets to the benefit of the "Mutual Protection;" that this resulted in the insolvency of the former, to the damage of its policy-holders and creditors $400,000 and upwards; that many of its policy holders made claim against the receiver, etc., and that this action was brought by leave of court.

The demand for judgment was for a decree adjudging the said defendants, and each of them, to be chargeable, as a trustee of said "Widows and Orphans," charged with all the duties and subject to all the responsibilities of such position and office; said resignations and elections to be fraudulent and void, and said defendants to be trustees in their own wrong; adjudging that November 9, 1871, said defendants were in the possession, and had the control, as such trustees as aforesaid, subject to the provisions of the charter and by-laws of said "Widows and Orphans," and the statutes of the State relating to life insurance companies, of property, assets and effects of the said "Widows and Orphans," to the amount and of the value of upwards of $1,646,000; that said defendants held possession of and exercised control over such property and assets, upon the trusts mentioned in the complaint, and such other trusts as are imposed by and defined in the charter and by-laws of said "Widows and Orphans," and the statutes of this State relating to the business of life insurance; and that the said defendants, and each of them, account to this plaintiff for all the property, assets and effects belonging to said "Widows and Orphans," in their possession or under their control on October 19, and November 10, 1871, or which have come into their possession or under their control since said dates, and for general relief.

On the trial of the cause, *Sewell & Pierce*, *Taylor & Parker*, and *Thorndike Sanders*, for various defendants, moved to dismiss the complaint on the pleadings and the

opening of the plaintiff, as barred by the statute of limitations by the lapse of six years.

*W. C. Trull*, for the plaintiff, opposed.

PATTERSON, J.—My first impression was that this case is one in which a full and perfect remedy could have been had at law, and in which rights could not be changed simply by a change of forum, and hence the six years bar of the statute of limitations applied. But in Brinckerhoff *v.* Bostwick (99 *N. Y.* 185) it was decided that a cause of action, similar in principle to this, is one in equity to which the ten years' limitation applies. The substantial allegations were there, as here, fraud or gross negligence, and misconduct amounting to fraud of directors, and the remedy asked for was damages. The emphatic utterance of the court, reiterated as it is in 105 *N. Y.* 567, cannot be avoided on the suggestion that that part of the opinion stating the period of limitation is but a dictum. That case received the careful consideration of the court of appeals. If the opinion pronounced by it on the first appeal mentioned is read in connection with that of the supreme court (34 *Hun,* 352), there can be no doubt as to the view of the court of last resort. Pierson *v.* McCurdy (33 *Hun* 520) is distinguishable from this case and from Brinckerhoff *v.* Bostwick. McCurdy was not a trustee of the company, the receiver of which sued him. No account was needed. It was very plain that he had received two distinct and fixed sums, and he was clearly liable, if at all, at law for conversion of the property of the company or for money had and received. Here the defendants were *de facto* trustees of the Widows' and Orphans' Company. They are called upon to give an account of their alleged fraudulent mismanagement and diversion of trust funds or securities of that company, and to respond for the damage occasioned by such alleged mismanagement and diversion. Judged by the authority first cited, it is purely an equitable action in substance as well as form, for the court of appeals says (105

*N. Y.* 570) that nothing in the opinion in Brinckerhoff *v.* Bostwick, as reported in 99 *N. Y.* gives color to the idea that that case was regarded otherwise than as an equitable one. Under the controlling force of that authority, I must so regard this action. Motion denied.

NOTE ON THE DISTINCTION BETWEEN ACTIONS FOR RELIEF
AGAINST TRUSTEES, AT LAW OR IN EQUITY.

The question whether the remedy against trustees, and particularly trustees of a corporation, for malfeasance, is to be had in an action at law, or in equity, is of frequent occurrence and often of great importance. An action of the former class is triable by jury, and restricted to the common-law modes of proof, and subject to the common-law limitation of time ; on the other hand an action of an equitable nature, is, in some jurisdictions at least, subject to the longer limitation, which in some cases runs only from discovery of the fraud, is triable by the court without a jury, and allows, to some extent, examination and discovery in the methods of chancery practice ; and, moreover, enables plaintiff, by demanding an interlocutory judgment for an accounting under Code Civ. Pro., § 1241, to resort, if necessary, to arrest in the nature of *ne exeat,* under section 550.

The considerations involved in determining the question under the somewhat indefinite provisions of our statute are frequently complex and embarrassing.

The leading case in support of the doctrine of equity jurisdiction is Charitable Corporation *v.* Sutton, 9 *Mod.* 349 ; s. c., less fully, 2 *Atk.* 400, 406, where Lord HARDWICK said, "I will never determine that a court of equity cannot lay hold of every such breach of trust. I will never determine that frauds of this kind are out of the reach of courts of law or equity, for an intolerable grievance would follow from such a determination." Approved in Robinson *v.* Smith, 3 *Paige,* 222, 232.

Contrasted with this, the most important case affirming the legal nature of an action under the Code, seeking merely damages in such a case is Hun *v.* Cary, 82 *N. Y.* 65 ; s. c., 37 *Am. R.* 546; aff'g 59 *How. Pr.* 426 ; where it was held that

an action for damages by a receiver of a bank against its trustees for mismanagement, is at law and properly tried at circuit; the action being similar to one by a principal against his agent for misfeasance.

The question was much litigated in Smith *v.* Rathbun, the later decisions in which have not been fully reported ; and the opinion given by the editor of this series when consulted as counsel in that case, and which was used in connection with the brief of counsel for defendants in the courts, may be useful to the reader who is concerned with this question.

In that case the plaintiff, Smith, first sued alone as a stockholder to recover the damages he had sustained by the alleged negligence of the defendants, Rathbun and Benjamin, as directors, in permitting the president, Van Campen (who, however, was not made a party), to waste the assets.

The supreme court at general term sustained a demurrer holding that such an action must be for the benefit of all stockholders, as well as plaintiff, and that the corporation must be a party (reported in 66 *Barb.* 402).

Plaintiff then amended not only the complaint but also (and, perhaps, without formal leave) the summons, by adding the bank as a co-plaintiff. The amended complaint alleged that the bank had been allowed to be joined and was joined pursuant to order of the court ; and asked that defendants be required " to pay to the plaintiffs the damages which they have sustained as aforesaid," amounting to a specified sum, " or so much thereof as the damages of the several shareholders, shown to be entitled thereto, and who may come in and contribute," etc., shall amount to.

Defendants then demurred for defect of parties in not joining other directors, officers and shareholders, and for misjoinder, etc.

The supreme court, at general term, overruled this demurrer (reported in 22 *Hun*, 150), and after the time to answer expired, plaintiff applied for judgment absolute ; and defendant moved to set aside the interlocutory judgment. The court denied the latter motion, and granted plaintiff an order of reference to assess the damages under that part of the demand for relief which claimed a specified sum, omitting the qualifying

clause or so much thereof as the damages of the several share-holders shown to be entitled, etc., shall amount to.

In this situation of the cause, the following opinion was given by the writer, which is inserted here on account of the importance of the principles and authorities noticed, as a guide in drawing the line between the equitable and legal remedy.

OPINION.—"The summons and pleadings and interlocutory judgment, and the order of April 26, 1881, directing a referee to assess damages under a part of the prayer for relief, are submitted to me with the inquiry whether, in my opinion, in this action and upon this record, the order can be sustained to the extent of the whole losses, against the objection that a substantial part of the recovery will inure to the benefit (or to enhance the value of the stock) of the principal wrong-doer.

"This is an action seeking redress from the accessory or negligent wrong-doer, not joined because insolvent, and yet, by reason of his interest in the corporation, being benefited by a recovery.

"The court, on demurrer, have refused to require him to be joined as a defendant; and in the order now under consideration, have refused to preclude him from participating in the recovery. The refusal to require him to be made a defendant seems to proceed upon the assumption that a court of equity will not, at least pending the recovery against any one wrong-doer, use its powers to enable him to secure contribution or indemnity from another. The order in question seems to go further, and to allow the powers of the court to be used to indemnify and profit the principal wrong-doer, at the expense of the accessory. The inequitableness of this result is apparent. The question to be considered seems to be, whether the situation of the cause justifies it.

"The question arises upon an application to the court for judgment in a case where there is no answer; and the rule to be applied is that embodied in the Code of Procedure, § 275, in the words 'The relief granted to the plaintiff, if there be no answer, cannot exceed that which he shall have demanded in his complaint.' As the action was brought before September 1, 1877, I quote the former Code; the present Code (*Code*

*Civ. Pro.* § 1207), states the same principle in other words, viz.: ' Where there is no answer, the judgment shall not be more favorable to the plaintiff than that demanded in the complaint.'

"This is not a mere statutory restriction, but is a general principle, fundamental to the administration of justice, that the complaint must advise the defendant clearly of what is claimed. If he chooses, he may waive answering and appear on the application for judgment, and there may object that the judgment proposed is more burdensome to him than that claimed in the complaint. It is not alone that the case made, but also the judgment asked for, that controls (Porter *v.* Lent, 4 *Duer,* 671; s. c., 2 *Abb. Pr.* 115; Simonson *v.* Blake, 12 *Abb. Pr.* 331; s. c., 20 *How. Pr.* 484). If the defendant fails to answer, his rights are protected by the statute (Hall *v.* Hall, 38 *How. Pr.* 97).

" What then, is the case, and the relief demanded by the amended complaint ?

" The settled practice of the courts of common law and of equity have established certain general principles governing remedies for malversation by corporate officers, of which those material to this question may be briefly stated thus :

"1. The corporation may sue the wrong-doer for damages in a court of common law, upon his legal liability (Hun *v.* Cary, 82 *N. Y.* 65).

" 2. The corporation may, if preferred, sue in a court of equity (Charitable Corpn. *v.* Sutton, 9 *Mod.* 349; s. c., less fully, 2 *Atk.* 400; Peabody *v.* Flint, 6 *Allen,* 52); thus formerly gaining stringent process, and a discovery not granted at common law.

" 3. A stockholder cannot sue the wrong-doer in a court of common law to recover the damages peculiar to his stock, for the legal wrong is primarily done to the legal owner of the assets, viz., the corporation, and the right of action is in the corporation (Greaves *v.* Gouge, 69 *N. Y.* 154; Peabody *v.* Flint, *supra;* Allen *v.* Curtis, 26 Conn. 456), but if the corporation fails in its duty, then—

" 4. A stockholder, because the corporation has failed to sue either at law or in equity, may sue in a court of equity,

provided he sue for himself and all other stockholders who may come in, etc., and in such an action he must make the corporation a party also (Greaves *v.* Gouge, *supra;* Smith *v.* Rathbun, 66 *Barb.* 402 ; Dodge *v.* Woolsey, 18 *How. U. S.* 331).

" Equity takes jurisdiction at the suit of the stockholder: because the corporation has failed in its duty, it requires the other stockholders to be included generally in the bill, and provided for in the decree, so far as they may choose to come in, so that if they decline they cannot commence fresh litigations ; and the corporation is required to be made a party, so that it may be barred also from suing the wrong-doer for a fresh recovery, and from objecting that the stockholders, in its absence, had received assets that legally belonged to itself. It is not enough to join all the stockholders, for this would not subject the right of the corporation to adjudication ; and it is not enough to join the passive corporation, for this would not secure protection to the absent stockholders.

" These principles are so fully settled that they need no discussion of authorities.

"These are not distinctions in the forms of action, but separate remedies for different kinds of relief. In the first class of cases the corporation, the legal owner of the assets, sues to recover entire re-imbursement of its treasury. The court, being a court of common law, will not allow the defendant to set up the equities among wrong-doers and stockholders, for the action presents the simple question of liability in damages to the artificial person, the corporation, whose assets were taken.

" In the second class of cases the court, a court of equity here, will use its equitable powers to compel defendants to make discovery and to submit to inquiry before the master or a referee,—but will use its equitable powers also for the protection of defendants, and will inquire into the degree of their liability and, if equitable, will order recourse to be had first against the more guilty (Charitable Corp. *v.* Sutton, *supra*), or will reach such assets as any of the defendants can surrender up, and award a money judgment only for the deficiency (Attor-

ney-general *v.* Wilson, 1 *Craig & Phil.* 1; s. c., 4 *Jurist,* 1174).

"In the third class of cases the stockholder seeks individual judgment for a fraction of what legally belongs to the corporation, and the court properly refuses this.

"In the fourth class of cases he asks that, because the corporation is passive and delinquent, the court collect what the corporation will not, and distribute it among the shareholders according as they may prove their rights ; and the court, being a court of equity, and all the parties injured being thus before it and concluded by its judgment, will collect so much as ought to be collected for the stockholders, will refuse to intrust the fund to this delinquent corporation, but will, by its own officer, distribute it equitably to the stockholders, and by its decree giving this relief will bar the corporation from taking what it might have previously sought—a recovery for its own treasury.

"The case made by this complaint and the relief granted, must be one of these four classes.

"The plaintiff, a single stockholder, commenced this action in disregard of the rule thirdly above stated.

"At common law, his action would have been dismissed. Under the blended powers of law and equity now possessed by the court, he was allowed to amend so as to proceed according to the fourth rule above stated, and thereupon he filed the amended complaint, which is now before us, claiming relief for all the stockholders who might come in, and joining the corporation as a party.

"So far as I know, it is the uniform practice in such cases to join the corporation as a defendant, not because it makes any difference in its rights, but because usually the passive posture of the corporation is part of the stockholder's claim to invoke the powers of a court of equity.

"In this case, however, and the case is without precedent, I believe, the name of the corporation in the amended complaint is inserted as a co-plaintiff, after that of the stockholder who brought the action. But for the mention of the corporation as a plaintiff, instead of as a defendant, there could be no

question that the case made, and the relief allowable, were solely of the fourth class.

"If the action is by a stockholder on the behalf of stockholders, the proper relief—even where the corporation is a party defendant—is recovery for and distribution to the stockholders who may be entitled (Young *v.* Drake, 8 *Hun*, 61 ; Prouty *v.* Michigan, &c. R. R. Co., 1 *Id.* 667). In the latter case, DANIELS, J., delivering the opinion of the court (in which LAWRENCE and DONOHUE, JJ., concurred), said : 'So far as the other owners of guaranteed stock are concerned, the relief awarded precisely conforms to the settled practice of courts of equity. The rule in these courts is that the other creditors may come in under the decree and prove their debts before the master (now the referee) to whom the case is referred, and obtain satisfaction of their demands equally with the plaintiff in the suit, and under such circumstances they are treated as parties to the suit' (Citing *Story Eq. Pl.* 7th ed. § 99, p. 104 ; Hallett *v.* Hallett, 2 *Paige,* 15, 19)."

(The case of Kilbourne *v.* Allyn, distinguished by Judge DANIELS, is reported in 7 *Lans.* 352, and has been affirmed, 59 *N. Y.* 21. It does not bear on this question.)

"Strictly speaking, it does not appear, by the papers before me, that the corporation is a plaintiff at all, because neither by the record nor by the allegation of the amended complaint, does it appear that there has been any amendment of the summons, and a party cannot be added by amending a pleading only. [S. P., Wadsworth *v.* Georger, 18 *Abb. N. C.* 199.]

"Where new parties are brought in by amendment of the complaint the summons must be amended accordingly (Follower *v.* Laughlin, 12 *Abb. Pr.* 105, Walkenshaw *v.* Perzel, 7 *Robt.* 606 ; s. c., 32 *How. Pr.* 310). If, after a demurrer for defect of parties, the plaintiff amends his complaint by adding the necessary parties, but does not amend the summons, his amendment is irregular and ineffectual (Follower *v.* Laughlin, *supra*).

"The court has considered this question on the last demurrer without disposing of it. The gist of their decision is stated in the last paragraph of their opinion (22 *Hun*, 157), in these words : 'The question in this case must be whether there is

anything alleged in the complaint which, if proved on a trial, would authorize any recovery to any amount against the defendants. After a consideration of the very extended argument of the defendants, we think that there is, and therefore that the judgment should be affirmed with costs, with leave to withdraw the demurrer and answer over on payment of costs in twenty days. But in coming to this conclusion we do not pass on the question whether the bank has been properly made a party plaintiff.'

" As it has not been determined, therefore, that the corporation, as plaintiffs, can recover anything, the judgment to be enforced is, in intendment of law, only such as the individual plaintiff could recover.

" But as the corporation may possibly have been made, by other proceedings of which I am not informed, a co-plaintiff, I propose to inquire what is the award of relief that defendant was bound to submit to, on the application for judgment, irrespective of the question who is named as the plaintiff. The situation is unusual, but the principles applicable, I believe, are clear and definite.

" The question, then, comes to this: ' What is the relief that this complaint asks ?'

" We have seen that the original complaint asked the relief sought in the third class of cases, and was rightly held demurrable. Is the amended complaint an application for relief such as was formerly granted, by a court of common law, to the corporation alone, or for such as was formerly granted in equity; and if the latter, does it seek relief to the treasury of the corporation in the entire sum, as might be done in the second class of cases : or does it seek relief to the stockholders according to their equities, as must be done in the fourth class?

" The court has already, in sustaining the amended complaint against the second demurrer, intimated, as we have seen an opinion on this question which precludes the corporation, and places the recovery solely on the right of plaintiff suing as a stockholder, and on behalf of the stockholders, to have a decree that they be re-imbursed according to the equities among them.

" But, assuming that the question is still open and to be determined by reasoning, it remains to examine the amended

complaint, and inquire whether the relief invoked is a legal recovery solely by the individual stockholders, in a proceeding, however, which will bar the legal owner of the assets.

"The amended complaint is not, as was the complaint in Hun *v.* Cary, *supra*, a claim simply for money relief, presenting no equitable rights to be adjusted. It appeals distinctively and characteristically to the powers of a court of equity, and without resort to such powers the action could not be sustained.

"The following indicia clearly mark the complaint as an application to the equitable powers of the court, and to those alone :

"1. The active plaintiff appears and complains on behalf of himself and all other stockholders who may come in, etc. This is an application which a court of equity could act upon, and a common law court could not.

"2. The complaint asks a joint judgment against living director and the executors of a deceased director. This relief only a court of equity could grant—a court of common law could not.

"3. It asks a judgment against one defendant, both in his individual capacity and as executor. This relief a court of equity could grant, and a court of common law could not.

"4. It excuses the non-joinder of the principal wrong-doer by alleging his insolvency. This is called for in a court of equity, but is entirely irrelevant in a court of common law.

"5. It asks for the entire damages, or so much thereof as the damages of the several stockholders shown to be entitled thereto, and who may come in, etc., shall amount to ; the wrong-doers, or some of them, being stockholders, and thus being, in effect, included both as plaintiffs and as defendants. This is a remedy which a court of equity may conduct, but a court of law cannot.

"6. And lastly, the general prayer for relief is added, which is an appeal solely to equitable powers.

" This, then, is plainly an action of an equitable nature, or, to speak more accurately, since the Code of Procedure, an action for an equitable remedy, viz.: to relieve the injured stockholders by a recovery adequate to make good the losses of all those that were innocent and entitled to claim ; the cor-

poration being made a party to conclude all further contro-versy.

"In actions of this kind those thus represented by plaintiff who, having due opportunity, do not come in, are barred (Kerr v. Blodgett, 48 *N. Y.* 62). And to entitle one to come in, he must show that he could have sustained a similar action himself (Parmelee v. Egan, 7 *Paige*, 610, 614). And, since a *cestui que trust* who has acquiesced in a breach of trust can-not disaffirm and hold the trustees liable (Boerum v. Schenck, 41 *N. Y.* 182, and note on p. 200), one of the wrong-doers, in such a case as the present, could not come in under the judg-ment and prove his claim, nor maintain such an action as this (Burt v. British National Life Association, 4 *De Gex [G. & J.]* 158, 174).

"The case made by the complaint, then, is a case for equitable relief to the individual stockholder, who is plaintiff, and to such other of the stockholders as may prove a claim ; that is to say, excluding all the wrong-doers, and the corpora-tion, if properly to be deemed a plaintiff, appears by way of requesting and consenting to this relief.

"What, now, is the prayer for relief ? Does it go beyond the case made by the complaint ? If it did, it could not avail, for a demurrer admits only the facts alleged ; but it appears to be in exact harmony with the complaint.

"It is for judgment in a specified amount, or so much thereof as may be necessary, etc., to make good the claims of stock-holders. This is a very common form of prayer in actions where the recovery is to be limited to a sum to be ascertained in the action. It is the form frequently used in creditor's suits, where the plaintiff asks that the property reached be sold, or so much thereof as may be necessary to pay the judgments (See, for instance, 3 *Barb. Ch. Pr.* page 703, form 426, last clause of prayer; page 709, form 427, last clause of prayer ; 1 *Abbott's Forms,* page 578, last line; page 584, last clause of prayer). These are not, properly speaking, prayers for alter-native relief, but qualified prayers. The complaint here de-mands no more than may be necessary to pay the claims proved by stockholders. The expression is alternative, but the de-mand is not. This is a common form of expression in legal

instruments. A prayer for a decree that a tract of land, or so much thereof as might be necessary to raise a specified sum, be sold, would not authorize a judgment by default, for a sale of the whole without regard to necessity. Undertakings are frequently expressed pursuant to statute to pay a certain obligation, or so much thereof as may be necessary for a specified purpose; but they amount to no more than an undertaking to pay so much as may be necessary. The sum specified serves only, as does the sum specified in this demand, to limit the extreme recovery.

" The defendant's waiver of his right to answer, and suffering judgment without an issue, is only a simple and inexpensive way of consenting to pay the demands thus specified. A default on such a prayer means as much, perhaps, but certainly no more, than would an express covenant in the same language. A covenant to pay the sum of $135,000, or so much thereof as should be required to pay claims duly proved, would not bind the covenantor for-more than should be thus required.

" It may be suggested that the prayer should be considered in the alternative as a demand, either for judgment in favor of the corporation for the full sum of damages, or for a decree that stockholders who might come in and prove their claims should be paid accordingly, and that defendant, by not answering, gave the adverse parties the option.

" This view involves alternative plaintiffs as well as corresponding alternative relief. To state it more exactly, we should say that judgment for the whole value is demanded in favor of the corporation, and judgment for shares of that value demanded in favor of the stockholders, and the alternative is presented to the court as to which plaintiff shall have the relief he demands. This is clearly unallowable (Warwick v. Mayor, etc. of N. Y., 28 *Barb.* 210 ; s. c., 7 *Abb. Pr.* 265).

" If we can justify a device to join a legal and an equitable plaintiff, so as to claim both kinds of relief for the prosecution, and reserve to them the right to object against a defense to the legal demand, alone, that the action is in equity ; and against the objection that plaintiffs must do equity, that it is

an action at law, then we could approve the view that this complaint claims alternative relief.

" Properly speaking, in view of the basis of the remedy sought, the frame of the complaint, and the language of the prayer, the only plaintiff regularly before the court is the primary and moving plaintiff, as the court have already intimated ; and if we consider technical details such as the non-appearance of the corporation in the summons, or in anywise other than in the amended complaint ; and the fact that the frame of the judgment would allow the entire recovery to be received, and the judgment satisfied by the original plaintiff, the conclusion that he is the actual, and only actual plaintiff, has all the confirmation that circumstances could give.

" But, whoever be regarded as plaintiff, the action is an action for the benefit of the stockholders.

" For these reasons I conclude that the action is solely for equitable relief to the stockholders, and that the prayer, as well as the principles of equity applicable to the case made by the complaint, restrict the recovery on failure to answer to a recovery for the benefit of innocent stockholders.

" The qualification which the defendants asked to have inserted in the order of reference seems to be only another form than the usual proving of claims, and, perhaps, a simple and more direct way of applying the same equitable principle, and thus reducing the recovery by excluding at least the proportion of the aggregate sum which would accrue to the benefit of the principal wrong-doer."

Plaintiffs appealed to the court of appeals from a decision of the general term reversing the special term judgment ; and the court of appeals dismissed the appeal on the ground that the remedy of the plaintiff was to await final judgment in the supreme court before appealing to the court of appeals, an appeal from the present decision being merely a controversy as to the form in which the supreme court should finally express its decision in accordance with its view of the law (88 N. Y. 660).

Plaintiffs then moved for a re-argument at the general term of the general term decision last mentioned, which the court denied. An abstract of the opinion is in 15 Weekly Dig. 403.