GEORGE LALLMAN and Others, Respondents, *v.* THERON HOVEY and BELLE HOVEY, Appellants.

*Fraudulent conveyances — when other creditors may come in as parties plaintiff to an action to set them aside — evidence of a justice's judgment and of a Supreme Court judgment — waiver of a defect in it — proof of a lost instrument by an interested party.*

In a creditor's suit to set aside a transfer of property made by the judgment debtor, a certified transcript of the entry in the docket book of the judgment of the Supreme Court in his favor is not competent proof that he is a judgment creditor, but where no objection upon this ground is taken by motion or otherwise on the trial, the defect of proof is not available on appeal.

*Semble,* that where in such an action the only evidence offered of a judgment alleged to have been recovered in a Justice's Court is the docket in the county clerk's office, and no objection is taken to the omission to put in evidence the transcript of the judgment from which the docket was made, the question as to whether such transcript was essential to the proof of the judgment is not presented on an appeal from the judgment in the creditor's suit.

Although it does not appear by the summons and complaint in a creditor's action that the action was brought by the plaintiffs in their own behalf and on behalf of all other judgment creditors similarly situated, the court may make an order permitting other judgment creditors to come in and share in the expenses and the results, provided the plaintiffs consent to its so doing.

Where a paper which is material to the defense has been once identified and introduced in evidence, and has been lost pending a long adjournment, and proof is made of a thorough search for it, secondary evidence of its contents is admissible.

*Semble,* that a greater discretion exists in the trial court as to the effect to be given to the testimony of a party interested in the event of the action when he testifies in regard to the existence or execution of a lost paper than in regard to its loss.

APPEAL by the defendants, Theron Hovey and another, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of Erie on the 21st day of March, 1895, upon the report of a referee.

*Edward T. Durand,* for the appellants.

*E. O. Farrar,* for the respondents.

BRADLEY, J.:

The defendants are husband and wife. The plaintiffs, as judgment creditors of the husband, seek to set aside as fraudulent as against his creditors conveyances of real property and a bill of sale of personal property made by him to the other defendant. The action was originally brought by the plaintiffs Lallman and Palmer. After the commencement of the action an order of the court was made to allow William P. Sherman, another judgment creditor of the defendant Theron Hovey to come in as a party plaintiff. The action was founded upon an alleged judgment recovered in a Justice's Court by the original plaintiffs, and docketed in the county clerk's office. Sherman's judgment was recovered in the Supreme Court. Executions upon the judgments had been returned unsatisfied. The only evidence as against the defendant Belle Hovey of the recovery of the judgment in the Justice's Court was the docket of it in the county clerk's office. And as no objection was taken to the omission to put in evidence the transcript of the justice's judgment filed, and upon which the docket entry was made, the question whether that otherwise would have been essential is not here for consideration. (*Jackson ex dem. Witherell* v. *Jones,* 9 Cow. 182.)

The only documentary evidence introduced to prove the recovery of a judgment by Sherman was a certified transcript of the entry in the docket book, kept for such purpose in the clerk's office. This was insufficient to prove that he was a judgment creditor of Theron Hovey. But as that objection was not distinctly taken by motion or otherwise at the trial, the question is not available to the defendants on this review. If it had been raised during the trial it is quite likely that the requisite evidence would have been supplied.

Although it does not appear by the summons and complaint, or either, that the action was brought by the plaintiffs in behalf, not only of themselves, but of all other judgment creditors similarly situated, who should chose to come in and share in the expenses and results, it was legitimate for the court to make an order permitting them to do so, on obtaining the consent of the plaintiffs. (*Edmeston*

v. *Lyde*, 1 Paige, 637; *Parmelee* v. *Egan*, 7 id. 610; *Claflin* v. *Gordon*, 39 Hun, 54.)

The point now made, that no issue was tendered by Sherman by any pleading on his part, requires no consideration, because the question was not raised at the trial.

The defendants alleged that the conveyance and bill of sale in question were made and taken in good faith, and had a valuable and adequate consideration for their support. And on the trial they, by their own testimony, gave evidence to the effect that one Mrs. Godsave held a mortgage made by one Alexander Cully on certain real property, amounting to about $4,000; that she assigned the mortgage to the defendant Theron Hovey, her son, for the benefit of his wife and with the direction that he collect the mortgage for, and pay the proceeds to her; that with the proceeds of that mortgage she paid for the conveyances and bill of sale in question, and that the husband at the time of the assignment of such mortgage executed an instrument in writing drawn at the dictation of Mrs. Godsave. This instrument early in the trial, and before the plaintiffs rested, was produced and identified by the defendant Belle Hovey on her cross-examination by the defendants' counsel. After this, and before the plaintiffs had put in all their evidence in chief, the further hearing was adjourned for about two months, when the trial was resumed. And after the defendants entered upon their defense, the defendant Theron Hovey testified that, at the time the instrument referred to was so identified, it was taken and retained by the defendants' attorney, and that he and the defendants' attorney had searched for it amongst the papers of the latter in the case and that they had been unable to find the instrument; and both of the defendants testified that they had not seen it since it was handed to and taken by their attorney immediately following its identification as before mentioned.

It was admitted by the plaintiffs' counsel that the defendants' attorney was unable to find the paper. Thereupon the defendants offered to prove the contents of that instrument, and that they were to the effect that Theron Hovey acknowledged that the Cully mortgage had been assigned to him by Mrs. Godsave for his wife, and that he had agreed to collect it, and pay the proceeds to his wife. The plaintiffs' objection to the introduction of the evidence thus offered, upon

the ground that the paper was the best evidence, was sustained, and the defendants excepted. Although at common law the evidence of a party was not admissible for other purposes, it was competent to prove by him the loss of a paper the contents of which were sought to be proved by secondary evidence, and the evidence of a party when it embraced all the facts essential to the purpose was deemed sufficient to prove the loss. And while the question of the sufficiency of the proof of the loss is for the court to determine, the discretion is not so broad as to fairly permit the disregard of the evidence of a party on that subject, merely because he is such. (*Jackson ex dem. Livingston* v. *Frier*, 16 Johns. 193; *Adams* v. *Leland*, 7 Pick. 62; *Woodworth* v. *Barker*, 1 Hill, 172; *Partridge* v. *Badger*, 25 Barb. 146, 173; *Supervisors* v. *White*, 30 id. 72; *Moore* v. *Livingston*, 14 How. Pr. 14.)

The evidence of the loss of the paper was sufficient to warrant the proof of its contents provided the fact of the existence of it was sufficiently shown. The execution of it by Theron Hovey was a fact as to which at common law a person interested in the event of the action would not have been permitted to testify, and although such a person may now do so, a less qualified discretion may be applicable to the determination by the court of the question of the existence or execution of a lost paper than can be reasonably exercised on the subject of the loss, when in terms the evidence includes all the facts essential to prove the loss. The evidence of the defendants tended to prove the existence of the paper. And the objection to the reception of the evidence offered to prove its contents on the ground simply that the instrument itself was the best evidence, would seem to import that, assuming its existence, the loss of it was not sufficiently proven to render the evidence of its contents admissible.

On the subject of the loss of the paper and the inability of the defendants to produce it, no suspicious circumstances seem to appear in the evidence. And whatever there may have been of suspicion arising from the evidence and the circumstances appearing on the trial as to the instrument, had relation to its purpose and the effect for which it was intended, and as to whether it in fact represented a *bona fide* transaction.

Those were questions to be disposed of by the referee in the consideration of the case upon the merits. Then the credibility of

the evidence of the defendants, in view of their interest in the event, would properly be a matter for his determination.

It may be that the result would have been the same if the evidence of the contents of the paper had been received. But as that cannot necessarily be assumed on this review, the error in excluding the evidence upon the objection taken cannot be disregarded.

The judgment should, therefore, be reversed and a new trial granted, costs of this appeal to abide the final award of costs.

LEWIS, WARD and ADAMS, JJ., concurred.

Judgment reversed and new trial granted before another referee, costs to abide the final award of costs.