THEODORE BRINCKERHOFF et al., Appellants, *v.* HENRY BOSTWICK et al., Respondents.

| 99 | 185 |
| d152 | 535 |
| 99 | 185 |
| 157 | 180 |
| 99 | 185 |
| 159 | 122 |

The provision of the Code of Civil Procedure (§ 394), limiting to three years the time for bringing an action against a director or stockholder of a moneyed corporation " to recover a penalty or forfeiture imposed, or to enforce a liability created by law," does not apply to an equitable action against the director of such a corporation to require an accounting and to recover damages for their neglect and inattention to the duties of their trusts whereby they suffered corporate funds to be lost and wasted. Such an action is simply the enforcement of a common-law liability, while the words of the provision, " a liability created by law," have reference only to a liability created by statute. The limitation applicable to such an action is ten years. (Code Civ. Pro., § 388.)

Where a national bank had become insolvent and one of its directors had been appointed receiver, an action was brought against him and the other directors for neglect of their duties, by one of the stockholders on behalf of himself and the other stockholders — *Held,* that as to other stockholders who became parties to the action upon their petition, the statute of limitations began to run from the time of the commencement of the action, not from the time of filing their petitions; that for the purposes of the statute of limitations the action must be treated as if all the stockholders were originally plaintiffs.

*It seems* that the original plaintiff could, at any time before other stockholders were made parties, and before judgment, have settled his individual claim and executed a release thereof and discontinued the action, but upon prosecution to judgment it is for the benefit of all the stockholders and he ceases to have control over it.

*It seems,* also, that as to stockholders who do not come in, the suit having been commenced for their benefit, the rights are not barred by any lapse of time after the commencement.

*Cunningham* v. *Pell* (6 Paige, 655), distinguished.

*Brinckerhoff* v. *Bostwick* (34 Hun, 352), reversed.

(Argued April 24, 1885 ; decided May 8, 1885.)

Appeal from judgment of the General Term of the Supreme Court, in the second judicial department, entered upon an order made December 1, 1884, which affirmed a judgment in favor of defendants, entered upon an order dismissing the complaint on trial and affirming an order denying a motion for a new trial. (Reported below, 34 Hun, 352.)

The National Bank of Fishkill was organized in April, 1865, with a capital of $200,000, and continued to do business thereafter until January, 1877, when it became insolvent, and the defendant Henry Bostwick was appointed its receiver. From the time of its organization until that time Bostwick and the other defendants were its directors. At the time of the appoinment of the receiver the entire capital of the bank had been lost, and there was a large deficiency of assets to pay its creditors, and the stockholders were rendered liable for a large sum of money to make up such deficiency. In January, 1880, the plaintiff, Theodore Brinckerhoff, a stockholder, suing in his own behalf, and for the benefit of all the other stockholders of the bank, commenced this action against the defendants, alleging in his complaint that they during all the time mentioned had been directors of the bank, and that by their misconduct, carelessness and negligence, and their inattention to its affairs, the property and effects of the bank had been stolen, wasted and squandered so that the bank was rendered utterly insolvent, and its stockholders were thus greatly damaged; and relief was demanded that the damages which the bank and its stockholders had sustained, by reason of the matters stated, be ascertained and determined, and that the defendants who were directors of the bank be adjudged to pay such damages, and that the defendant Bostwick, as receiver of such bank, recover, collect and receive such damages for the benefit of the creditors and stockholders of the bank. The defendants demurred to the complaint upon various grounds, but the demurrer was finally overruled in this court. (88 N. Y. 52.) Thereafter, upon their petition to the court, other stockholders were allowed to come in and be made plaintiffs in the action, and the defendants withdrew their demurrer and an-

swered the complaint, denying all the allegations of miscon-
duct contained therein, and setting up the three years' and the
six years' limitation in bar of the action.

The action was brought to trial at a Circuit Court, and after
some evidence had been given to sustain the allegations of the
complaint, the defendants objected to certain evidence offered,
on the ground that "the plaintiffs in this action cannot main-
tain the action for any transactions or thing whereby loss re-
sulted to the plaintiffs, which happened more than three years
before the commencement of the action," and the court de-
cided that the action was subject to the limitation of three
years, to which decision the plaintiffs excepted. Plaintiffs'
counsel then offered evidence tending to establish a cause of
action as alleged in the complaint against the defendants for
losses arising from transactions between the years 1871 and
December 21, 1876, and defendants' counsel objected to the
competency of such evidence on the same grounds as before,
which objection was sustained by the court, and the plaintiffs
duly excepted. Plaintiffs' counsel thereupon stated that they
could offer no evidence of a transaction by defendants tending
to establish the cause of action alleged in the complaint, which
had not happened at some time between the year 1871 and
December 31, 1876. The court thereupon ruled that none of
such evidence was admissible under the statute of limitations,
to which ruling plaintiffs duly excepted, and then rested their
case; and upon motion of defendants' counsel the court dismissed
the complaint on the ground that the three years' limitation
applied, and plaintiffs excepted. From the judgment entered
at the Circuit the plaintiffs appealed to the General Term, and
from judgment of affirmance there to this court.

*E. A. Brewster* for Theodore Brinckerhoff, appellant.
Every statute must be construed to act prospectively and not
retroactively, unless its terms express a different intent. (*N.
Y. & O. R. Co.* v. *Van Horn*, 57 N. Y. 473; *Goillotel* v.
*Mayor, etc.*, 87 id. 441.) The words of section 414 of the
Code, "the provisions of this chapter apply and constitute the

only rules of limitation," though absolute in themselves, are qualified and restricted by sections 393 and 394, which provide that chapter 4 shall not apply to certain specified actions. (*Smith* v. *People*, 47 N. Y. 330 ; 84 id. 565.) The statute of limitations did not begin to run in favor of the defendants until they handed over the bank to the receiver (January 31, 1877), and ceased to act as directors. (2 Perry on Trusts, § 863 ; *Costar* v. *Murray*, 5 Johns. Ch. 525 ; *Purdy* v. *Sistare*, 2 Hun, 126 ; *Reitz* v. *Reitz*, 80 N. Y. 538; *Mabie* v. *Benley*, 95 id. 206 ; *Matter of Neilly*, id. 382 ; *Robinson* v. *Smith*, 3 Paige, 222 ; *Greaves* v. *Gouge*, 69 N. Y. 154; *Brinckerhoff* v. *Bostwick*, 88 id. 52.) The commencement of the action by Brinckerhoff on behalf of all the stockholders arrested the running of the statute against all the stockholders. (*Brinckerhoff* v. *Bostwick*, 88 N. Y. 52; *Robinson* v. *Smith*, 3 Paige, 222.)

*O. D. M. Baker* and *John F. Schlosser* for W. E. Brinckerhoff *et al.*, appellants. The relation between defendants and the stockholders was that of trustee and *cestui que trust*. (*Kane* v. *Bloodgood*, 7 Johns. Ch. 129 ; *Robinson* v. *Smith*, 3 Paige, 222; *Butts* v. *Wood*, 37 N. Y. 317.) So long as the trust continued, no cause of action against the defendants accrued. (Perry on Trusts, § 863; Story's Eq. Jur., §§ 1520–21; Angel on Lim., §§ 166, 468; *Kane* v. *Bloodgood*, 7 Johns. Ch. 90; *Edwards* v. *Warden*, L. R., 1 App. Cas. 281; *Bacon* v. *Rives*, 106 U. S. 99; *Reitz* v. *Reitz*, 80 N. Y. 538.) The stockholders had no right of action against the defendants, before the refusal by the receiver to bring suit against them. (*Greaves* v. *Gouge*, 69 N. Y. 155 ; *Taylor* v. *Bowker*, 111 U. S. 110.). It was not intended to enlarge the scope of the act of 1849, to apply to any liability not created by some act applicable to moneyed corporations. (*Dominick* v. *Michael*, 4 Sandf. 374; *Crowell* v. *Crane*, 7 Barb. 191; *Douglass* v. *Douglass*, 5 Hun, 140.) The expression " created by law" relates to a liability — created — caused to exist — by some statutory enactment, and limits, qualifies and defines the

kind of liability intended. (*In re N. Y. & B. B.*, 72 N. Y. 527; Code, §§ 1775, 1784, 1785, 1797, 1798, 1812; *Brennen* v. *Mayor*, 1 Hun, 315; *Green* v. *Clark*, 13 Barb. 57; *Oakley* v. *Aspinwall*, 13 N. Y. 500; *Furniss* v. *Ferguson*, 34 id. 485; *Joslyn* v. *Cowee*, 56 id. 626; U. S. Statutes, §§ 5151, 5239; *Frazier* v. *Tompkins*, 30 Hun, 168; *Goillotel* v. *Mayor*, 87 N. Y. 441.) The ruling that the eight stockholders named on the records as additional plaintiffs, January 27, 1883, were barred, though the liability be under the six years' statute, is erroneous. (Code, § 448; *Dennis* v. *Kennedy*, 19 Barb. 527; Story's Eq. Pl. 99 to 116, 125–135; *Brooks* v. *Peck*, 38 Barb. 519; *Kerr* v. *Blodgett*, 48 N. Y. 62; *Kittle* v. *Crary*, 1 Paige, 417; *Graves* v. *Gouge*, 69 N. Y. 154.) The corporation should have prosecuted. Because of its omission to do so, this action stands as a substitute, and has the same force and effect as one by the corporation. (*Hallett* v. *Hallett*, 2 Paige, 19; 1 Barb. Ch. Pr. 519; Code, § 786.) The only statute applicable to the cause of action is section 97, old Code, enacted into the present Code as section 388, allowing ten years after the cause of action accrues. (*Rundle* v. *Allison*, 34 N. Y. 180; *Salisbury* v. *Mores*, 7 Lans. 359; *Scott* v. *Stebbins*, 91 N. Y. 605.)

*Samuel Hand* for respondents. The eight additional plaintiffs whose actions were commenced on the 5th of February, 1883, by virtue of the order of the 27th of January, 1883, are beyond the six years' statute of limitations, if that was applicable, and if beyond the six years they are certainly beyond the three years statute. (*Cunningham* v. *Pell*, 6 Paige, 655; *Breen* v. *Baker*, 4 Denio, 56; *Quimby* v. *Claflin*, 27 Hun, 611; *Freman* v. *Ins. Co.*, 11 id. 286; *Innis* v. *Lansing*, 7 Paige, 583; *Derby* v. *Yale*, 13 Hun, 273; *Newman* v. *Marvin*, 12 id. 236; *Shaw* v. *Cook*, 78 N. Y. 194.) Directors are not liable directly at common law to stockholders for loss of value of stock by negligence. (*Gardner* v. *Pollard*, 10 Bosw. 674; *Smith* v. *Rathburn*, 66 Barb. 482.) A statute may be retroactive if its express letter manifests such intent. (1 Kent's Com. 499; 2 Peters, 413; 10 How. 434; 1

Kern. 283; 57 N. Y. 477; 11 id. 281.) The remedy is within the power of the legislature, and they can shorten the time previously allowed for commencing an action to enforce it. (*Dubois* v. *Kingston*, 20 Hun, 500; *Lennon* v. *Mayor*, *etc.*, 55 N. Y. 361; *Hauptman* v. *Catlin*, 20 id. 247.) The negligence of the defendants being the procuring cause of the damage to the plaintiffs, the time when it was collected or paid thereafter is of no consequence. (*Argalls* v. *Bryant*, 1 Sandf. S. C. 98; *Battley* v. *Faulkner*, 3 B. & Ald. 288; *Brown* v. *Howard*, 2 Brod. & Bing. 733; *Troup* v. *Smith's Ex'rs*, 20 Johns. 33; *Wilcox* v. *Plumber*, 4 Pet. 182; *Short* v. *McCarthy*, 3 B. & Ald. 626.)

EARL, J. If the cause of action alleged in the complaint was barred by lapse of time as to the original plaintiff, Theodore Brinckeroff, then the plaintiffs were properly nonsuited. The important questions to be determined are, whether the action was barred by any of the limitations specified in the Code, and if so, by which one of them. We are of opinion that it was not barred by section 394, which controlled the decision of the trial judge, and which provides that "this chapter does not affect an action against a director or stockholder of a moneyed corporation or banking association to recover a penalty or a forfeiture imposed, or to enforce a liability created by law; but such an action must be brought within three years after the cause of action has accrued." The claim on the part of the defendants is that the words, "a liability created by law" in this section mean simply a legal liability. On the other hand, it is claimed on the part of the plaintiffs that those words mean a liability created by some statute, and we are of that opinion. The phrase is not such as would have been used and certainly is not such as is commonly if ever used in statutes to describe a liability existing at common law, independently of any statutory provision. Such expressions as "required by law," "regulated by law," "allowed by law," "made by law," "limited by law," "as prescribed by law," "a law of the State," are of frequent occurrence in the Codes and other leg-

islative enactments; and they are always used as referring to statutory provisions only. The phrase "created by or under the laws of the State," occurs several times in the Code and is always used in the sense of a thing brought into existence by or under statute law. (Code, §§ 1775, 1784, 1785, 1797, 1798, 1812.) The liability referred to is one created by the same law which imposes penalties and forfeitures, and they are always imposed by statute law. The section would have taken a different form if the legislature had meant by the phrase "liability created by law," all "legal liabilities," because then their sense would have been precisely expressed if the words "to recover a penalty or forfeiture imposed or to enforce a liability created by law" had been entirely omitted from the section, and then all actions against directors and stockholders of moneyed corporations must have been commenced within the three years.

The construction we give to this section is made quite obvious if we trace the history of the law embodied therein. It was copied from section 109 of the Code of Procedure as amended in 1849, which was similar except as to the time of limitation. Section 109 was section 89 of the Code of 1848 and then read as follows: "This title shall not affect actions against directors or stockholders of a moneyed corporation to recover a penalty or forfeiture imposed, or to enforce a liability created by the second title of the chapter of the Revised Statutes, entitled 'of moneyed corporations,' but such actions must be brought within six years after the discovery by the aggrieved party of the facts upon which the penalty or forfeiture attached, or the liability was created;" and that section was copied from section 44, chapter 4, part 3 of the Revised Statutes. The second title of the chapter of the Revised Statutes, entitled "of moneyed corporations," was one imposing liabilities upon directors and stockholders of moneyed corporations for a variety of matters and acts particularly specified; and that title was largely copied from the act chapter 325 of the Laws of 1825, where similar liabilities were imposed upon directors with a provision that no statute of limitations should

bar any suit in law or equity against them for any sum of money for which they were made liable by that act. The title and chapter of the Revised Statutes referred to were in force in 1849, and also in 1877 when section 394 of the Code took its present shape; and the same liabilities against directors and stockholders are imposed by the provisions of the act chapter 409 of the Laws of 1882, entitled "An act to revise the statutes of this State relating to banks, banking and trust companies." It is clear, therefore, that the words "liabilities created by law" could have and can now have full scope by confining the liabilities to such as are imposed by statute law only. It cannot be supposed that it was intended by the legislature to change the policy which had characterized the legislation of this State for many years, when in 1849, for the first time, the reference to the liabilities created by the Revised Statutes was left out of the section of the Code and the phrase "a liability created by law" substituted. Statutory liabilities were still intended and the new phrase comprehended not only liabilities created by the title and chapter of the Revised Statutes referred to, but also those created by other statutes and the Constitution of 1846 (art. 8, § 7). The same legislature which amended the Code in 1849, by leaving out the reference to the Revised Statutes, passed the act chapter 226 of the Laws of that year, to impose liabilities upon stockholders of moneyed corporations, and thus to give effect to the constitutional provision referred to, and the section of the Code was probably amended to bring within its scope the new liabilities thus created. It cannot be perceived that there would be any reason or policy for establishing a different limitation of time for the commencement of actions to enforce the common-law liabilities of directors from that established for actions to enforce the same kind of liabilities against other persons, while it might be very proper that actions to enforce the special liabilities of directors and stockholders for penalties and forfeitures and statutory obligations should be limited to three years.

For all these reasons we feel quite sure that the legislature

intended by the phrase " a liability created by law," in section 109 of the Code of Procedure, and in section 394 of the present Code, a liability created by statute law. It is not claimed that the liability which the plaintiffs seek to enforce in this action against the directors is one created by any statute; but as we held when the case was here before, it is a common-law liability springing out of their relations to the bank, and the manner in which they discharged or omitted to discharge their obligations and duties as directors thereof.

What limitation of time then was applicable to this action? We think the limitation is regulated by chapter 4 of the Code of Civil Procedure. Section 414 provides that the provisions of that chapter shall apply and constitute the only rule of limitation applicable to a civil action or special proceeding, except as mentioned in that section, and this action does not come within any of the exceptions. It does not come within subdivision 3 of that section, because it was not commenced within two years after the Code took effect.

We think the limitation applicable to this action is ten years, that which is prescribed by section 388 of the Code. This is unquestionably an equitable action, and the plaintiffs stand in the place of the receiver, and if he had prosecuted the action he would have stood in the place of the bank and had the same rights which it would have had if plaintiff. So this action, for the purpose of determining the limitation of time applicable to it, must be governed by the same law which would have been applicable if the action had been brought by the bank. The action is against the directors as trustees to call them to account for the manner in which they discharged their trust, and is one of which courts of equity always have jurisdiction. (Angell & Ames on Corporations, §§ 312, 314; *Robinson* v. *Smith*, 3 Paige, 222; *Heath* v. *Erie R. Co.*, 8 Blatchf. C. C. 347; *Brinckerhoff* v. *Bostwick*, 88 N. Y. 52.) In the latter case RAPALLO, J., said: "The liability of the directors of corporations for violations of their duty or breaches of the trust committed to them, and the jurisdiction

of courts of equity to afford redress to the corporation, and in proper cases to its shareholders, for such wrongs exist independently of any statute." There is no doubt, therefore, that as to the original plaintiff in this action, the proof of violations of duty and breaches of trust by the defendants could range through ten years prior to the commencement of the action.

But the other plaintiffs became parties to the action upon their petition January 27, 1883, more than six years after the bank became insolvent and its directors had ceased to have any control over its affairs; and hence the claim is made that the action must be treated as commenced as to them at that date, and that, therefore, a different limitation of time is applicable to them from that which is applicable to the original plaintiff. We are of the opinion that this claim is not well founded. The action was commenced by Theodore Brinckerhoff, suing on his own behalf and for the benefit of the other stockholders of the bank; and, therefore, for the purpose of the statute of limitations, the action must be treated as if all the stockholders were plaintiffs. The action is really the action of all the stockholders, as it was necessarily commenced in their behalf and for their benefit. It could not have been commenced by one stockholder for himself alone. It is true, that at any time before judgment, the original plaintiff, before the others were made parties, could have discontinued the suit or could have settled his individual damages with the defendants, and have executed a release which would have been effectual as to him. But if he had prosecuted the action to judgment, then the judgment would have been for the benefit of all the stockholders, and he would then have ceased to have control over it, because the rights of the other stockholders would at once have attached thereto. The bringing of the action by the original plaintiff did not prevent the other stockholders from bringing similar actions. But the moment a judgment should be recovered in one action for the benefit of all the stockholders, the proceedings in all the others would be stayed. (*Innes* v. *Lansing*, 7 Paige, 583.) In this case, therefore, it was not necessary that the other plaintiffs should have been joined as nominal

plaintiffs.     The suit could have gone to judgment without their presence as nominal plaintiffs, and the judgment would have been just as effectual and just as beneficial for them as if they had been actually named as parties plaintiffs.     The suit having been commenced for their benefit in which full and adequate relief could have been given to them, their rights would not have been barred by any lapse of time if they had not come in as plaintiffs.     There was no purpose in their becoming nominal plaintiffs except that they might have some control of the action and thus be present to protect and secure their rights, and to prevent a discontinuance of the action by the original plaintiff. In *Cunningham* v. *Pell* (5 Paige, 613 ; *S. C.*, 6 id. 655) a chancery suit was commenced by a creditor against the directors of a moneyed corporation to enforce their liability for a fraudulent breach of trust, and some considerable time after the commencement of the action the plaintiff amended his bill by inserting an allegation that it was filed also in behalf of all others standing in the same situation ; and it was held that a third person against whose right of action at the time of such amendment the statute of limitations had run, so that he could not have filed the bill himself, could not come in and claim relief against the defendants upon the decree made upon such amended bill. But it is clearly inferable from that case that if the suit had originally been commenced by the plaintiff on behalf of himself and all others standing in the same situation, the action would not have been barred as to any of the persons for whose benefit it was prosecuted by any limitation of time.

We, therefore, conclude that all these plaintiffs stand upon the same footing as to the limitation of time, and that the judgment should be reversed and a new trial granted, costs to abide event.

All concur.

Judgment reversed.