By the Court.—Sedgwick, Ch. J.
I shall refer only to such grounds as the learned counsel for appellant has presented for the reversal of the judgment. The action was brought by plaintiff claiming as a creditor of the Boclcaway Beach Improvement Company (Limited), against the defendants as directors of that company, which was formed under chapter 611 of the Laws of 1875, for default, as claimed by the complaint, in their conduct as directors.
The appellant’s counsel argues that the first cause of action, in the complaint, is for a violation of the 14th section of the Act, in their parting with the capital stock of the company for property at more than its fair value. If, which is more than doubtful, the plaintiff has any cause of action against directors, under the statute which declares that no “ corporation organized under this act shall issue either stock or bonds except for money, labor done, or property actually received for the use and legitimate purposes of such corporation, at its fair value ” (§ 14), it is clear that there were no damages to the plaintiff, as creditor, from the acts of the directors. The transaction, in fact, benefited the creditor to the extent *122 of the value of the property acquired by the company, while, on the other hand, there is no proof or presumption that if the stock had not been issued as it was issued, any other or greater value, especially not the nominal amount, could have been procured for it. For this reason it becomes immaterial to examine whether the action under this statute may be brought within six years from the time the cause of action accrued. It may, however, properly be said that the case is not like Brinckerhoff v. Bostwick (99 N. Y. 185). If the defendants were liable, they would be so, not because they wasted the fund, that is, the capital stock, as is argued, for there is no proof that, in a pecuniary sense, the transaction was injurious to creditors, but because they took part in an act fordidden by the statute.
The next proposition is that the three years’ limitation applied by the court below to all the causes of action, was not to be calculated-until after the return unsatisfied of the execution issued upon the judgment which the plaintiff had recovered against the company. The counsel did not cite any provision of the statute which makes the return of an execution unsatisfied a condition of a cause of action against directors. I have not been able to find such a provision.
The court below held that the directors were not bound to file an annual report, at any time subsequent to August 20, 1880, because on that day a receiver of the company had been duly appointed, and who had, within three days thereafter, gone into possession of all the property of the company. For this reason the court held that the defendants were not liable for not filing a report for 1881. They did, however, file a report in 1882, in the form provided in the statute for annual reports. For the appellant it is argued that the filing of this report estops them from now claiming that it was not their duty to file a report in 1881. The directors, not having a duty to file a report after all the property of the corporation has been trans *123 ferred to a receiver, does not depend upon any view the directors may take of the facts, but depends upon the condition of the company in fact. When this condition exists, the law pronounces that the filing of further reports would be useless, for they would not serve any purpose that the statute had in view in providing for annual reports. The fact that, in 1882, the directors took a different view of the law, is immaterial to the question of their duty in 1881.
The counsel for respondents argued as to other propositions than those that have been now examined. What has been said has referred to all the questions raised by the appellant. It is unnecessary to answer any others.
Judgment affirmed, with costs. Any question as to defendants having costs severally may be raised upon settlement of the order to be entered on this decision.
Freedman, J., concurred.