(38 Misc. Rep. 606.)

## BECKHAM v. HAGUE.

(Supreme Court, Special Term, New York County. September, 1902.)

1. NATIONAL BANK—INSOLVENCY—COLLECTION OF ASSESSMENT—DEFENSES.

A receiver of a national bank of Texas sued a domestic stockholder to recover a second assessment levied on his stock, in 1898, by the comptroller of the currency. Defendant had paid an assessment levied in 1894. Had the receiver collected all of such first assessment, and realized on the assets, all the debts as then existing might have been paid. It did not appear that he could not have done so. He had also sold a large amount of the assets for about 9 per cent. of their face value un-

der an order of the federal courts. *Held*, that these facts constituted no defense.

2. SAME—LIMITATIONS.

Under Code Civ. Proc. § 394, providing that an action against a stockholder of a banking association to enforce a liability created by common law or by statute must be brought within three years after the cause of action accrued, a cause of action against a stockholder in an insolvent national bank does not accrue until the comptroller of the currency declares the entire liability or the particular portion of it to be due, and does not begin to run from the time the bank suspended payment, but from the time when the comptroller levied an assessment against the stockholders.

Action by R. E. Beckham, receiver of the El Paso National Bank of Texas, against James D. Hague, to recover the statutory liability. Judgment for plaintiff.

See 60 N. Y. Supp. 213, 767.

Blair & Price (Anderson Price, of counsel), for plaintiff.
Strong & Cadwalader (George Coggill, Henry W. Taft, and John L. Cadwalader, of counsel), for defendant.

STECKLER, J. In this action by the receiver of the El Paso National Bank against the defendant, one of its stockholders, to collect a second assessment levied by the comptroller of the currency upon the defendant's stock, the main defenses were: First, that the prior assessment, together with the bank's assets, was more than sufficient to pay in full all the bank's liabilities, but that if the assets, together with the first assessment, were not sufficient to wipe out all claims, it was because of plaintiff's negligence in not realizing enough money upon the assets; and, second, that the alleged cause of action accrued more than three years before the commencement of the action, and was, therefore, outlawed. Code Civ. Proc. § 394.

In relation to the first defense, it appears from the report of the comptroller of the currency for 1898 (vol. I), put in evidence by the plaintiff, that the plaintiff was appointed receiver in 1893; that an assessment of 35 per cent. on the $150,000 of the bank's capital stock was levied by the comptroller in December, 1894; that defendant paid his proportion of the levy, $1,750; and that if the total amount of the assessment, $52,500, was paid, and the bank's assets realized upon during 1895, all the then existing debts would probably have been liquidated. It would seem from the said report that only $13,650 of the $52,500 assessed was paid. Since the first assessment in 1894, interest has been running on the balance of the bank's indebtedness, and expenses have been accumulating, so that down to the end of 1898, when the second assessment of 19 per cent. was levied, the liabilities exceeded the assets plus the first assessment, $52,500, by $28,500, to collect which the second assessment was levied. If it could be said as a matter of law that the receiver should have realized upon the assets before the end of 1895, in that event I am inclined to think the defense would have been established; for the amount finally realized upon the assets, down to 1898, together with the first assessment, would seem to have been sufficient to pay all the obligations of the bank existing in 1895; and as the shareholders of a national

bank are individually responsible for its debts, equally and ratably, and not one for another, the defendant could not be assessed a second time because of the failure of other shareholders to pay their proportion of the first assessment. U. S. v. Knox, 102 U. S. 422, 26 L. Ed. 216. But it does not appear that the receiver could have realized upon the assets in 1895, and pending such realization the bank's liabilities were being increased by legal and other expenses and interest on the indebtedness, until in 1898 the liabilities exceeded the assets and the amount of the first assessment, by the amount of the second assessment. Although it is a hardship on the solvent shareholders in this particular case to be subjected to a second assessment mainly for the purpose of paying expenses and interest accumulating after the levy of the first assessment, I do not think that the mere fact that the first assessment, if collected in 1895, would, together with the bank's assets, if then realized upon, have been sufficient to wipe out all the debts, constitutes a defense to the action. Neither do I think that the defendant has established negligence on the part of the receiver. It is true that he sold assets amounting to $135,000 face value for $10,000, and that the purchaser realized within six months from the sale $21,000 on said assets. The sale was made, however, under an order of the court, and there is nothing to show that if the receiver had been permitted to keep the assets longer he could not have realized far more than $21,000 on them.

As to the second defense, I cannot sustain the defendant's claim that the action is outlawed. The statute of limitations of our state governs in this case (Butler v. Poole [C. C.] 44 Fed. 586); and section 394 of the Code, which seems to be applicable, provides that an action against a director or stockholder of a moneyed corporation or banking association, to recover a penalty or forfeiture imposed, or to enforce a liability created by the common law or by statute, must be brought within three years after the cause of action has accrued. See Brinckerhoff v. Bostwick, 99 N. Y. 185, 1 N. E. 663; Gilbert v. Ackerman, 159 N. Y. 118, 53 N. E. 753, 45 L. R. A. 118. The defendant contends, reading this provision in connection with section 410 of the Code, that the cause of action accrued when the bank suspended payment. But, in view of the decisions of the federal courts that such a cause of action as this does not accrue at least until the comptroller of the currency declares the entire liability or the particular portion of it to be due (Aldrich v. Skinner [C. C.] 98 Fed. 375; Deweese v. Smith, 45 C. C. A. 408, 106 Fed. 438), and as the second assessment did not become due until May 10, 1898, when it was levied by the comptroller, and the action was brought July 16, 1899, it must be held that the statute of limitations does not bar the suit. It follows that the plaintiff is entitled to judgment.

Judgment for plaintiff.