(70 Misc. Rep. 322.)

### DUDLEY v. PLATT et al.

(Supreme Court, Special Term, New York County. January 24, 1911.)

1. RECEIVERS (§ 40*)—DENIAL OF APPLICATION—CONCLUSIVENESS.

    The determination of the court denying an application for the appointment of a temporary receiver is controlling on a subsequent application, so far as it relies on the grounds relied on on a prior application.

    [Ed. Note.—For other cases, see Receivers, Cent. Dig. § 66; Dec. Dig. § 40.*]

2. JOINT-STOCK COMPANIES (§ 20*)—RECEIVERSHIP—GROUNDS—COMPLAINT.

    Where the complaint in an action by a stockholder of a joint-stock association, suing in his own behalf and in behalf of stockholders similarly situated, was framed to preserve the assets of the association as an existing association, an amended complaint, alleging that the association had previously come to an end by limitation, could not be allowed as a ground for the appointment of a temporary receiver.

    [Ed. Note.—For other cases, see Joint-Stock Companies, Cent. Dig. § 28; Dec. Dig. § 20.*]

3. JOINT-STOCK COMPANIES (§ 20*)—RECEIVERSHIP—GROUNDS.

    The mere fact that a change in the system of bookkeeping of a joint-stock association engaged in the express business, made pursuant to an order of the Interstate Commerce Commission, resulted in a statement of accounts whereby an excess of outstanding disbursements over outstanding receipts became presently chargeable instead of being carried over to the period of actual payment, as under the old system of bookkeeping, without disclosing any attempt to conceal any losses from the stockholders, did not justify the appointment of a temporary receiver of the association on the motion of a stockholder.

    [Ed. Note.—For other cases, see Joint-Stock Companies, Cent. Dig. § 28; Dec. Dig. § 20.*]

4. JOINT-STOCK COMPANIES (§ 20*)—RECEIVERSHIP—GROUNDS.

    A temporary receiver of a joint-stock association will not be appointed on motion of a stockholder on the ground that the directors of the asso-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ciation had authorized loans to themselves, where it is only shown that the directors had authorized a loan without collateral to the president, which he had repaid.

[Ed. Note.—For other cases, see Joint-Stock Companies, Cent. Dig. § 28; Dec. Dig. § 20.*]

**5. JOINT-STOCK COMPANIES (§ 20*)—RECEIVERSHIP—GROUNDS.**

A joint-stock association engaged in the express business operated at the time of an application by a stockholder for the appointment of a receiver the greatest mileage in its history, and its gross earnings from its business had greatly increased during the period of the management assailed by the stockholder. The association had lost the contract with a railroad company which had accepted the contract of a rival, but the association had taken another contract, involving greater mileage. *Held* not to justify the appointment of a temporary receiver on the ground of mismanagement, because the facts merely showed a change in the territory of operation depending on the exercise of judgment, and not an abandonment of profitable business to a rival, in bad faith to the stockholders.

[Ed. Note.—For other cases, see Joint-Stock Companies, Cent. Dig. § 28; Dec. Dig. § 20.*]

**6. RECEIVERS (§ 40*)—TEMPORARY RECEIVERSHIP—GROUNDS.**

Where the papers in support of a motion for a temporary receiver allege facts not reasonably established, and not indicated to be provable on the trial, the application will be denied.

[Ed. Note.—For other cases, see Receivers, Cent. Dig. §§ 64–67, 71; Dec. Dig. § 40.*]

**7. PLEADING (§ 248*)—AMENDMENT—NEW CAUSE OF ACTION—RELATED CAUSES.**

A stockholder of a joint-stock association brought an action in his own behalf and in behalf of persons similarly situated to preserve the assets of the association as an existing association. A similar action was brought in the same court by another stockholder. Pending latter action the stockholder in the prior action sought to amend the complaint by declaring that the association had come to an end by limitation some years before the institution of the action. *Held*, that the amendment would be denied on the ground that to interject in the action the new cause of action set forth in the amendment would destroy the similarity of the two actions and compel the association and the officers made parties defendant to litigate all the issues in the prior action, notwithstanding the result of the latter action, which had been submitted for decision.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 686–709; Dec. Dig. § 248.*]

Action by John L. Dudley, suing in his own behalf and in behalf of all other stockholders similarly situated of the United States Express Company, against Thomas C. Platt, individually, and as president of the United States Express Company, and others. Motion for appointment of temporary receiver of the company denied.

Louis H. Newkirk, for plaintiff.

O'Brien, Boardman, Platt & Littleton (Morgan J. O'Brien, of counsel), for defendant Platt and others.

BISCHOFF, J. This is an application for the appointment of a receiver of the United States Express Company, pending the determination of an action brought in behalf of stockholders similarly situated with the plaintiff, and proceeding upon the ground of waste and conspiracy upon the part of the directors. An earlier motion for

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the same relief was denied (118 N. Y. Supp. 1058, Guy, J.), and, while the facts presented upon that motion are again asserted by the plaintiff, the determination announced by the court should control upon the present application. Certain new grounds are alleged, however, and the question presented is whether the suggested danger of loss to the stockholders is sufficiently apparent to justify a receivership, in view of the obvious injury to the credit and to the business of this company which must follow the appointment of a receiver.

So far as the plaintiff seeks by amendment of the complaint to obtain a judgment declaring that the association came to an end by limitation in the year 1864, the facts alleged cannot be considered as a ground for the motion for a receivership. The action is framed to preserve the assets of an existing association, but by the amendment of the complaint the proceedings are to continue as an attack upon the association's right to existence. That is, the purpose is to destroy what the action, as framed, was to preserve, and this provisional remedy is not to be granted upon a ground wholly inconsistent with the situation upon which the complaint in the action proceeds.

The facts before me appear to be against the claim that the existence of the association has come to an end, and if the complaint had been amended, as now sought, prior to the motion for the appointment of a receiver, I should certainly be inclined to hold that the merits were with the defendants. As the case is presented, however, the subject itself is not within the purview of the motion papers and is not a ground available to the plaintiff.

The claim that these directors have concealed from the stockholders the fact of business losses, aggregating over $1,000,000, appears, upon examination, to be without foundation. A change in the system of bookkeeping, adopted pursuant to an order of the Interstate Commerce Commission, directed to all express companies, resulted in the statement of the accounts whereby an excess of outstanding disbursements over outstanding receipts became presently chargeable instead of being carried over to the period of actual payment, as under the old system. This change took place in June, 1908; but the report of the condition of the company prior to the change, as of June 30, 1907, clearly indicated that the charge for outstanding disbursements at that time was present and should be taken into account as matter in diminution of the assets. The proof before me discloses that there was no attempt to conceal any losses from the stockholders, and that the matter was one which had to do with a system of accounts adopted in good faith as an incident to the carrying on of a large business.

Improper action of the directorate in authorizing loans to the directors is broadly asserted by the plaintiff; but the actual facts certainly fail to justify the charges made. When examined, the claim of fraud seems to be based upon the fact that one loan of $3,000, long since repaid with interest, was made to Mr. Platt, the president, without collateral security; but this would hardly suffice as indicating a corrupt design in the handling of the assets.

As against the plaintiff's general assertion that the business of the

company is being or is about to be partitioned among its rivals, the fact is shown to be that the company is now operating over the greatest mileage in its history, and that its gross earnings from its business have greatly increased during the whole period of the management which is now assailed. At isolated times when the business of the country has been affected by a financial crisis, or where a change in the territory of operation of this company was taking place, a comparison of business with other years would show a loss; but the arbitrary selection of these dates, for the purpose of unfavorable comparison, does not alter the facts as to the business done, nor does it support the plaintiff's contention of waste or of a probable abandonment of the company's business. The instance of the loss of the Chicago, Milwaukee & St. Paul contract by this company and the acceptance of that contract by a rival in business is explained by the opposing papers as proceeding upon sound business reasons. The company took another contract in the West involving greater mileage, and the facts fairly suggest that there was simply a change in the territory of operation depending upon the exercise of business judgment as to the better prospect of profit, not an abandonment of profitable business to a rival, in bad faith to the stockholders, as the plaintiff desires the court to infer.

At best, the plaintiff's case proceeds upon dissatisfaction with the net earnings, and upon fears and suspicion that the management may not have his interests at heart; but, upon an examination of the voluminous papers submitted upon this motion, the facts to support his apprehension are not reasonably to be taken as established, nor indicated to be provable upon the trial, in better probability, as against the evidence presented upon the part of the defendants.

Whether the plaintiff can actually establish at the trial grounds for the relief, or for some of the relief which he seeks, the facts to support his case are by no means sufficiently clear to call for the granting of a receivership pendente lite. His allegations of fact are very general, and, so far as material, these allegations are met by the defendants with an explanation consistent with the good faith which they assert.

My conclusion is that the application for the appointment of a receiver should be denied.

Upon the plaintiff's application to amend the complaint, the pendency of a similar action brought in this court in Montgomery county by one Spraker, a stockholder, in behalf of himself and others, is asserted as ground for denying an amendment which would change the character of this action. If the court should grant judgment giving some relief to the plaintiff in the Spraker Case, this action as now framed would be stayed (Brinckerhoff v. Bostwick, 99 N. Y. 185, 194, 1 N. E. 663). To interject into this suit a new cause of action depending upon the termination of this company by legal limitation would destroy the similarity of these stockholders' actions, and the defendants would be compelled to litigate all the issues in the present action, notwithstanding the result of the Spraker Case which has been submitted to the trial justice for decision.

Under these circumstances, and in view of the apparent lack of merit in the plaintiff's claim, upon the facts underlying the legal proposition that this association had no existence after the year 1864, I am of the opinion that the amendment should not be allowed, and that the ground of action now asserted should be the subject of an independent suit. A supplemental complaint to set up matters necessary to the continuance of this action against the successors in interest of the defendant Thomas C. Platt, deceased, and as against the association, may be served. In other respects the motion for an amendment is denied.