ELLIS G. POTTER, etc., Plaintiff, and HERMAN WANGROW, as Plaintiff-Intervenor, *v.* ELISHA WALKER and Others, Defendants.

Supreme Court, Special Term, New York County, May 4, 1936.

*Ameli & Lavine*, for the plaintiffs.

*Kellogg, Emery & Inness-Brown*, for the defendant Paul H. Harwood.

*Donovan & Steinmann*, for the defendants Blaustein.

*Cravath, deGersdorff, Swaine & Wood*, for the defendants Elisha Walker and others.

*Mudge, Stern, Williams & Tucker*, for the defendant Tinker.

*Root, Clark, Buckner & Ballantine*, for the defendant Robert W. Stewart.

*Charles C. Smith*, for the defendant James W. Stewart.

CALLAHAN, J. This is a motion under rule 107 of the Rules of Civil Practice to dismiss the first, fourth and seventh causes of action alleged in the amended complaint on the ground that they did not accrue within six years before the commencement of suit.

The action is one by a stockholder of Pan American Petroleum and Transport Company (hereinafter called the " company ") against directors of the company and others to compel an accounting. The motion is made by the director defendants only.

The first cause of action alleges a conspiracy whereby a plan was devised and carried out to get control of the company through arrangements with a stockholder holding a large stock interest and through the agency of a banking house in which certain directors were interested, to surrender such control to the defendant Standard Oil Company. It alleges that the banking house was compensated by a large commission and the conspiring stockholder received certain properties of the company at a loss to the company of some $8,000,000.

The fourth cause of action alleges a $150,000 gift by the company with the approval of its directors to a fellow director. The gift is alleged to have been *ultra vires* and a waste of corporate funds.

The seventh cause of action sets forth a complicated series of transactions, the gist of which is a conspiracy on the part of the defendants to permit the assets of the company to be wasted and diverted for improper purposes. It is alleged that the directors co-operated with certain outside interests to mulct the company in respect to holdings which it had of stock in another oil company. The scheme took the form of a reorganization of the other oil company in connection with which a dummy corporation formed by the directors profited at the expense of the Pan American Company. The result of this scheme was that the directors, through the instrumentality of the dummy, emerged owning several hundred thousand shares of the second oil company's stock and a considerable amount in cash. This result, it is alleged, was brought about with the use of money furnished by the Pan American Company.

The prayer for relief asks as to all causes of action, that the directors account to the company not only for profits which they have made but likewise for any losses sustained by the company.

No question is raised as to the sufficiency of any of these causes of action.

The moving defendants claim that these causes of action are governed by the six-year Statute of Limitations. They contend that they come within the scope of section 48, subdivision 1, of the Civil Practice Act, being founded " upon a contract obligation or liability, express or implied," or within subdivision 3 of that section,

relating to actions to "recover damages for an injury to property or a personal injury."

Plaintiff claims the actions are equitable in nature and come within section 53 of the Civil Practice Act, and that the ten-year limitation applies.

In *Brinckerhoff* v. *Bostwick* (99 N. Y. 185), an action by a stockholder of a bank against its directors based upon misconduct, carelessness and negligence, t was said that the limitation applicable to suits against directors was ten years. The court there said (at p. 193): "We think the limitation applicable to this action is ten years, that which is prescribed by section 388 of the Code. This is unquestionably an equitable action, and the plaintiffs stand in the place of the receiver, and if he had prosecuted the action he would have stood in the place of the bank and had the same rights which it would have had if plaintiff. So this action, for the purpose of determining the limitation of time applicable to it, must be governed by the same law which would have been applicable if the action had been brought by the bank. The action is against the directors as trustees to call them to account for the manner in which they discharged their trust, and is one of which courts of equity always have jurisdiction."

Defendants contend that the above statement as to the period of limitation was mere dictum and, therefore, not controlling.

The question before the Court of Appeals in the *Brinckerhoff* case was whether the trial court had ruled correctly in applying the three-year Statute of Limitations. The court held that such limitation was confined to liabilities created by statutory law and had no reference to common-law liabilities. It reversed the judgment and granted a new trial. In doing so it stated that the ten-year Statute of Limitations applied to the common-law liabilities of directors. Though, strictly speaking, any statement of the proper statutory limitations was unnecessary, it might be expected that statements made by the court concerning what statute would govern the action would be made with deliberation in view of the fact that a second trial of the suit was to be had.

In *Mason* v. *Henry* (152 N. Y. 529) the court again said that the Statute of Limitations applicable to actions against directors after the passage of section 388 of the Code of Civil Procedure was ten years. True, in that case, which was likewise a suit against directors, the six-year Statute of Limitations was applied, but that, the court said, was because the former Code provision applied to the case under consideration, whereas the new Code provisions, applied in the *Brinckerhoff* case, made the ten-year statute controlling.

Defendants contend that the statement in *Mason* v. *Henry* (*supra*), as to any change being made in the Code provisions by the adoption of section 388 of the Code of Civil Procedure was based upon an erroneous conception of the legislative intent; that, in fact, no changes had been intended by the Legislature in adopting section 388; that the omission of the comma in the phrase " contract, obligation or liability " in that section was the act of the revisers and not that of the Legislature. The phrase, however, has been continued without the comma down to and in the Civil Practice Act. The omission would seem to effect a change in the meaning ordinarily applied to the words used. In any event, if the statement of the Court of Appeals in the *Brinckerhoff* case that a ten-year statute applied, was dictum, it was reiterated in the *Mason* case.

As against the foregoing we find that in the subsequent case of *Gilbert* v. *Ackerman* (159 N. Y. 118), though the *Brinckerhoff* case was cited by the court in its opinion, it was said that the six-year Statute of Limitations applied to common-law liability of directors. The precise question before the court was whether a statute amending the Code provisions as to limitations of suits against directors was constitutional. This question was raised by a demurrer to a defense asserting the three-year statute. The court held the amendatory statute unconstitutional. Therefore, the question as to what limitation applied was unnecessary to the decision. Neither side seems to have contended for the ten-year statute.

In several cases decided after the *Brinckerhoff* case courts of intermediate jurisdiction have held, on the authority of that decision, that the ten-year statute applies to stockholders' suits. In none of them has the *Gilbert* case been considered as a holding to the contrary.

In the more recent cases of *Keys* v. *Leopold* (241 N. Y. 189) and *Dumbadze* v. *Lignante* (244 id. 1) the Court of Appeals held that though an action may properly be brought in equity the limitation applicable to a legal remedy would control if such remedy existed as to the subject-matter of the action.

In the first of these cases, an action brought by a customer against a broker, the court said that it assumed that the plaintiff had the right to proceed in equity for an accounting, but that the question still remained whether the basis of the action was to recover upon a " contract obligation or liability, express or implied," or " damages for an injury to property " within section 48 of the Civil Practice Act. The opinion stated that the mere fact that the action is for an accounting is not determinative of this question; that where a legal and equitable remedy exists as to the same subject-matter the latter is under the control of the same statutory bar as the

former. The fact that the defendants received the money in a fiduciary capacity and held it under a trust such as the law implied for the purposes of justice did not control. The court construed the complaint therein to set forth facts on which recovery might be had at law.

The *Dumbadze* case was an action for fraud by one coadventurer against another, wherein the plaintiff sought an accounting. The court said, citing *Keys* v. *Leopold* (*supra*), that the six-year Statute of Limitations applied, no claim being made of the existence of an express trust.

In view of the unsettled nature of the authorities, we might well consider the essential principles of law that should be applied to the question before us rather than to hold that the problem may be settled by the rule of *stare decisis*.

The following principles appear to be established:

*First*, that, as the right of the stockholder is derivative the period of time within which he may sue is measured by the rule which would be applied if his corporation had brought the suit. (*Brinckerhoff* v. *Bostwick, supra; Politz* v. *Wabash R. R. Co.,* 207 N. Y. 113; *Curtis* v. *Connly,* 257 U. S. 260.)

*Second*, that the directors of a corporation being held to the liability of trustees as to the care of corporate property may be sued in equity for an accounting for any dereliction of duty. (*Bosworth* v. *Allen,* 168 N. Y. 157; *Asphalt Construction Co.* v. *Bouker,* 150 App. Div. 691; affd., 210 N. Y. 643.) However, they are trustees of an implied or constructive rather than an express trust and, therefore, the jurisdiction of equity is concurrent and not exclusive. (Pom. Eq. Juris. [4th ed.] § 157.)

*Third*, that even where a suit in equity for an accounting is permissible if a legal as well as an equitable remedy exists as to the subject-matter of the suit, the limitation applicable to the legal remedy must be applied. (*Kane* v. *Bloodgood,* 7 Johns. Ch. 90 · *Keys* v. *Leopold, supra; Dumbadze* v. *Lignante, supra.*)

*Fourth*, that a corporation as distinguished from its stockholders may sue its directors at law where only legal relief is sought. (*O'Brien* v. *Fitzgerald,* 143 N. Y. 377; *Dykman* v. *Keeny,* 154 id. 483.)

In the light of these principles, considering the causes of action attacked, does it appear that as to the subject-matter of any of them the plaintiff had a legal as well as an equitable remedy?

Taking up the fourth cause of action first because of its simpler nature we find that it merely seeks the return of a sum of money improper y bestowed on a director by his fellow directors. A remedy at law for money had and received clearly exists with respect to the subject of the action. In fact, there would seem to be no

necessity for any accounting as to the account claimed. The cause of action arises on a " contract obligation or liability, express or implied " and the six-year statute would apply if the company sued the directors on the facts alleged. On principle, therefore, a like limitation would seem proper as against plaintiff.

The first cause of action alleges a conspiracy the essence of which was to transfer to one Doheny a California oil property owned by the company at a price far below its real worth. It alleges that in carrying out this conspiracy a large profit or commission was made by Blair & Company which was controlled by some of the defendant directors. As to the subject of the action there likewise appears to be a legal remedy available. No specific equitable relief is sought other than an accounting nor does any such relief seem necessary. The ultimate object of the suit is to recover money damages. The damage may be measured by the loss sustained by the company as to the property transferred and perhaps as to the commission paid. The action, therefore, is of a nature similar to the fourth or one for damages to the property of the company and comes within subdivision 3 of section 48 of the Civil Practice Act. The six-year statute would seem to bar it if the company sued and on principle should bar this plaintiff.

This leaves the seventh cause of action undisposed of. The result of the conspiracy complained of therein is said to be that the directors received shares of Lago Oil Company stock which the company might equitably be entitled to. An action to recover this specific stock or impress a trust thereon might lie and would require equitable relief of a specific nature. But no particular relief of this sort is demanded. Defendants' brief says that the corporate existence of Lago has ceased, having been merged into Pan American. If plaintiff desires to amend its complaint as to this cause of action, setting forth any specific equitable relief necessary, it may do so. As now pleaded it is, on principle, subject to the bar of the six-year statute.

If principle be followed will the ruling be contrary to any settled doctrine of law? I think not. Assuming the statement in *Brincker-hoff* v. *Bostwick* (*supra*) can be said to have established any rule with respect to suits against directors, we are rather limiting it to those suits wherein an adequate legal remedy would not be available to the corporation. As so limited, it is consistent with the ruling in *Gilbert* v. *Ackerman* for there a balance of moneys due was the subject of the suit and a legal remedy was available. Further, we are applying to this suit the doctrine stated in *Kane* v. *Bloodgood* (*supra*) and *Keys* v. *Leopold* (*supra*) that the legal bar is to control where the subject-matter of the suit is open to legal remedies.

A holding going much further, *i. e.*, confining section 53 of the Civil Practice Act to those suits against trustees of express trusts would be strongly supported by many cases and by a study of the history of this section and would have further support in the expression contained in *Dumbadze* v. *Lignante* (*supra*). I hesitate, however, to go so far in view of the statement in the *Brinckerhoff* case. It is unnecessary to do so on the present state of the pleadings.

The motion is granted with leave to amend as to the seventh cause of action. Settle order.