HENRY M. CHANCE and Others, Suing on Behalf of Themselves and All Other Stockholders of R. HOE & Co., INC., Plaintiffs, *v.* GUARANTY TRUST COMPANY OF NEW YORK and Others, Defendants.*

Supreme Court, Special Term, Kings County, March 23, 1937.

*Affd., 251 App. Div. 855.

*Samuel Zirn*, for the plaintiff.

*Root, Clark, Buckner & Ballantine*, for the defendants Radcliffe S. Cheston, Jr., and others.

*McCanliss & Early*, for the defendant Ronald H. Macdonald, Jr., and for the defendants Gayer G. Dominick and others.

*Hughes, Schurman & Dwight*, for the defendant Allen W. Lishawa.

*DeForest, Cullom & Elder*, for the defendant Boudinot Atterbury.

*Davis, Polk, Wardwell, Gardiner & Reed*, for the defendant Guaranty Trust Company and others.

CONWAY, J. This is a motion by defendants Cheston, Cutler, Heard, Coombie, Brown, Sayers, Richards, Whitmer and Amory, sued herein as copartners composing the former firm of Edward B. Smith & Co., as it existed in 1932, to dismiss the complaint as to them on the ground that the cause of action alleged in the com-

plaint against said defendants did not accrue within the period of two years limited by law for the commencement of an action thereon. The first cause of action is the only cause of action directed against these defendants.

Its substance is that about March, 1932, all the defendants, standing in various relations to R. Hoe & Co., Inc., conspired together to bring about an unnecessary and unwarranted Federal court equity receivership of that corporation by means of a collusive suit on a fictitious claim, so that the conspirators might profit in various ways in a reorganization of the corporation. It is further alleged that the conspiracy was consummated, that temporary receivers were appointed and later made permanent by orders of the Federal court which were contested, appealed from and reversed; that the receivers were continued, however, in order to repair the damage to the corporation caused by the wrongful receivership. Movants contend that the theory of this cause of action is malicious prosecution and that the Statute of Limitations under subdivision 1 of section 50 of the Civil Practice Act, requires the bringing of the action within two years from the institution of the proceedings complained of. Plaintiffs contend that the action is for damages for " an injury to property " and that the Statute of Limitations is six years under subdivision 3 of section 48 of the Civil Practice Act (before the amendment of 1936 [Chap. 558] reducing it to three years by subdivision 7 of section 49 of the Civil Practice Act).

The contention of plaintiffs is the correct one. The allegations are sufficiently broad to justify an action on the case for wrongful injury to property and to set forth an actionable wrong within the purview of section 25-a of the General Construction Law. (See, also, *Ghiglione* v. *Friedman*, 115 App. Div. 606, and cases cited.) The case of *Assets Collecting Co.* v. *Myers* (167 App. Div. 133; affd., *sub nom. Assets Collecting Co.* v. *Goldsmith*, 225 N. Y. 631) does not conflict with this conclusion. There the court explicitly declined to discuss or entertain any suggestion that the action was one for injury to property.

If, however, it be assumed that the present action is one for malicious prosecution, it is established by the plaintiffs' cross-reply affidavit that, whatever limitation applies, such limitation was suspended by virtue of section 24 of the Civil Practice Act for a period of three and a quarter years, during which the corporation was under control of the Federal court with injunction provisions against suits at law or in equity against the corporation or its receivers. So, as the corporation is an indispensable party defendant in stockholders' derivative actions, such as the instant one, this action could not have been instituted within that period. The

statute, of whatever limitation, was effectually tolled. The period of tolling ended in July, 1935, and this action was instituted, as to these movants, in September, 1936.

The motion is, therefore, denied, with ten dollars costs.

### Supplemental Opinion, March 29, 1937.

Motion by defendant John W. Cutler to dismiss the first, third, fourth, and sixth causes of action. The defendant Cutler joined in the motion made by defendant Cheston and others, decided herewith, for a dismissal of the first cause of action and for the reason given in the decision of that motion this motion is denied in so far as it is a repetition of the motion of defendant Cheston and others.

The defendant Cutler was a director of R. Hoe & Co., Inc., at all of the times mentioned in the complaint. The third cause of action charges that about June, 1925, the directors of R. Hoe & Co., Inc., together with the Guaranty Trust Company and the Guaranty Company, caused some $310,000 of funds of the corporation to be used in satisfaction of the claims of a dissatisfied stockholder, although the obligation was actually that of the Guaranty Company. The fourth cause of action charges that certain factory property was bought in November, 1928, for R. Hoe & Co., Inc., at an excessive price and, in reality, to facilitate liquidation of loans by Guaranty Trust Company to the vendor of the property which, it is claimed, were then " frozen." The sixth cause of action alleges payment in 1928 and 1929 of excessive legal charges to " a certain law firm " for legal services rendered in matters furthering the interests of the Guaranty Trust Company and to the detriment of the interests of R. Hoe & Co., Inc. The principal question is whether plaintiffs' action brought as a stockholders' derivative one against the defendants involved is governed by the six-year Statute of Limitations prescribed by subdivision 3 of section 48 of the Civil Practice Act (before the amendment of 1936 [Chap. 558]) for actions based on injuries to property, as movant contends, or by the ten-year Statute of Limitations of section 53 of the Civil Practice Act, for " action, the limitation of which is not specifically prescribed," as contended for by plaintiffs. It is conceded that the latter limitation is that generally applicable to actions in equity and that a stockholders' derivative action is cognizable exclusively in equity. It seems to me that the statute applicable is the ten-year one.

The statement in *Brinckerhoff* v. *Bostwick* (99 N. Y. 185, at p. 193), that " the limitation applicable  *  *  *  is ten years," it being " unquestionably an equitable action," was not a dictum and

has not been overruled or " destroyed " as claimed by movants. The court was disposing of the plea of a lesser limitation upon full briefs (Vol. 577, Court of Appeals records, Brooklyn Law Library), and with the purpose of providing a rule for guidance on the new trial. " An expression of opinion upon a point involved in a case, argued by counsel and deliberately passed upon by the court, although not essential to the disposition of the case, if a dictum, should be considered a judicial dictum as distinguished from a mere *obiter dictum*, which is an expression originating alone with the judge writing the opinion, as an argument or illustration. And *a fortiori*, an expression which might otherwise be regarded as dictum becomes an authoritative statement when it is expressly declared by the court to be announced as a guide for future conduct." (15 C. J. 953, and cases cited.)

In *Pierson* v. *Morgan* (20 Abb. N. C. 428, 430), not cited in the briefs, it was said: " But in *Brinckerhoff* v. *Bostwick*, 99 N. Y. 185, it was decided that a cause of action, similar in principle to this, is one in equity to which the ten years' limitation applies. * * * The emphatic utterance of the court, reiterated as it is in 105 N. Y. 567, cannot be avoided on the suggestion that that part of the opinion stating the period of limitation is but a dictum." The force of this is not lessened by the overruling of *Pierson* v. *Morgan* (*supra*) in *Mason* v. *Henry* (83 Hun, 546, at p. 552; affd., 152 N. Y. 529, at p. 535), for the statement in *Brinckerhoff* v. *Bostwick* (*supra*) was reasoned and reiterated in the Court of Appeals opinion.

Moreover, it is found either expressly reiterated or its reasoning applied without break in both lower and higher courts until very recently. (See *O'Brien* v. *Fitzgerald*, 143 N. Y. 377, at p. 382; *Murray* v. *Smith*, 166 App. Div. 528, at p. 537; modfd. on another point, 224 N. Y. 40; *Small* v. *Sullivan*, 218 App. Div. 612, at p. 622; affd. on the exact point, 245 N. Y. 343, at p. 355, and *Goldberg* v. *Berry*, 231 App. Div. 165, at p. 170.)

Movant argues that the statement in *Brinckerhoff* v. *Bostwick* (*supra*) as to the ten-year period of limitation has been " destroyed " and overruled by applications or extension of the concurrent remedy rule, namely, that " when a legal and an equitable remedy exists as to the same subject-matter, the latter is under the control of the same statutory bar as the former. (*Keys* v. *Leopold*, 241 N. Y. 189, at p. 193.) That case, together with *Dumbadze* v. *Lignante* (244 N. Y. 1); *O'Brien* v. *Fitzgerald* (143 id. 377), and *Mason* v. *Henry* (152 id. 529), are much relied upon by movants. These cases do establish that, where an individual litigant seeks an accounting in equity from one who is a trustee by implication

or construction, or where a receiver of a corporation seeks an accounting in equity from the directors for waste or diversion of corporate assets, the limitation applicable is that which would bar the concurrent remedy at law as for money had and received. The very foundation for that rule is that there are concurrent remedies at law and in equity. A stockholders' derivative action is an equitable action. There is no concurrent remedy at law. This is the " wide and vital difference " mentioned in *O'Brien* v. *Fitzgerald* (*supra*, 382), and the mention makes it clear that there was no intention to " destroy " or overrule or to conflict with the statement in *Brinckerhoff* v. *Bostwick* (*supra*) as to the ten-year limitation. That there was no such intention is emphasized by the fact that shortly thereafter the court, with the same majority personnel, including the writer of the opinion, unanimously concurred in *Mason* v. *Henry* (152 N. Y. 529, 530, at p. 535), in a reasoned reiteration of the statement or rule in the *Brinckerhoff* v. *Bostwick* case. The later cases, moreover, up to *Potter* v. *Walker* (159 Misc. 339; affd., 252 App. Div. 244), all sustain the view that the ten-year period of limitation applies and it is found applied in cases in which the contention for the six-year period of limitation could as well be urged as in the present case. (See *Small* v. *Sullivan*, 218 App. Div. 612, at p. 622; affd. on the very point, 245 N. Y. 343, at p. 355; *Goldberg* v. *Berry*, 231 App. Div. 165, at p. 170, where the Appellate Division in the First Department disposed of a defense of the six-year period of limitation in a stockholders' derivative action, saying: " The defense in any event is not sufficient. The ten-year Statute of Limitations applies.") The opinion cited as authority *Brinckerhoff* v. *Bostwick* (*supra*); *Small* v. *Sullivan* (*supra*) and *Mason* v. *Henry* (*supra*). (See, also, *Hanover Fire Ins. Co.* v. *Morse Dry Dock & Repair Co.*, 270 N. Y. 86, at pp. 89, 90.) There the court said:

" Concededly, the actions were commenced within ten years after the causes of action accrued. In actions in equity the general rule is that section 53 of the Civil Practice Act applies, and that a plaintiff has ten years after accrual of the cause within which to commence his action. (*Gilmore* v. *Ham*, 142 N. Y. 1; *Treadwell* v. *Clark*, 190 N. Y. 51.)

" In an action in equity the ten-year limitation prescribed by section 53 of the Civil Practice Act is applicable unless, in a particular action, a party has a choice of two remedies, one at law, the other in equity, both complete and adequate, and he selects the action in equity. In that event the party whose cause of action would be barred under the six-year statute, if he should elect to proceed at law, may not enlarge this time by electing to proceed in

equity. Such is the rule where the remedies are concurrent. (*Rundle* v. *Allison*, 34 N. Y. 180; *Keys* v. *Leopold*, 241 N. Y. 189; *Clark* v. *Boorman's Executors*, 85 U. S. 493.)

" The exception is not applicable in cases of concurrent jurisdiction, however, if a party's remedy at law is inadequate and imperfect and he is required to go into equity to procure complete and adequate relief. (*Rundle* v. *Allison, supra; Mann* v. *Fairchild,* 14 Barb. 548.)   *   *   *

" The true test as to applicability of the ten-year statute to an action in equity when a party also has a cause of action at law, seems to be whether the complaint states facts upon which a complete recovery might be had in a law action. If such be the case, the six-year statute applies. Otherwise, the applicable limitation is to be found in the ten-year statute. (*Keys* v. *Leopold, supra.*) "

In any event, the statute has been tolled as to the fourth and sixth causes of action by injunctive provisions of the various receivership orders under section 24 of the Civil Practice Act.

Motion denied, with ten dollars costs.